## JOSEPH MAIER v. ANDREW HOMAN AND JACOB WERNZ.

An agreement not to engage in a particular business, unless it be restricted as to time and place, is void.

Where the verdict is rendered on incompetent testimony, and there is a well founded reason to believe that justice has not been done, the judgment will be reversed, even though there was no exception taken on the trial which would on appeal present the question of the incompetency of the evidence.

APPEAL by plaintiff from a judgment of this court entered upon a verdict at trial term; also, appeal from order denying plaintiff's motion for a new trial.

The action was brought upon a promissory note for $500, dated July 1st, 1867, at six months, made by defendant Homan, and indorsed by defendant Wernz. The answer alleged that this note and another of like amount were given by defendant Homan upon the purchase by him of the interest of the plaintiff in the copartnership formerly existing between them; that the plaintiff, as part consideration of the notes, agreed that he would not engage in the same business again in the city of New York, and the breach of such agreement; that plaintiff obtained the notes by fraud.

The first note was paid before this suit was brought.

*D. McAdam*, for appellant.

*A. H. Reavey*, for respondent.

LARREMORE, J.—It appears, by positive testimony, that the

property of the copartnership, at the time of its dissolution, was worth the sum of $2,000, independent of the alleged exclusive right to carry on the business of the firm. It cannot be pretended that Homan did not receive an equivalent in property for the amount of the notes given in payment.

There was no such evidence of fraud or wilful misrepresentation as would justify the finding of the jury in this case. Nor does it appear that the notes were given upon the faith of an agreement that the plaintiff would not engage in the same business *in the city of New York*. The defendant swears, " plaintiff told me if I would buy his share in the cabinet business, he (plaintiff) would cease being in that trade."

Even regarding this statement as a part consideration of the sale, it is void as a defense, in that it is unlimited as to time and place (*Chappel* v. *Brockway*, 21 Wend. 157; *Dunlop* v. *Gregory*, 10 N. Y. 243).

It may have been the honest intention of the plaintiff, at the time he made such statement, to relinquish the business in which he was then engaged. But that such intention was made a condition of the sale, for a breach of which the sale might be avoided, is not, in my judgment, established by the evidence.

The verdict is against the evidence, and although the jury have passed upon the question of fraud, it is the duty of the court to grant a new trial (*Vance* v. *Phillips*, 6 Hill, 436).

It is true, that there was no sufficient exception taken at the trial, but where (as in this case) there is a well founded reason for believing that justice has not been done, and that the verdict was rendered on incompetent testimony, it is just and proper for the court to interpose its authority and grant relief.

The judgment appealed from should be reversed on payment of the costs of the trial, and a new trial ordered.

DALY, CH. J., concurred.

JOSEPH F. DALY, J. [dissenting].—I cannot agree with my associates. The case was tried and submitted to the jury on a question of fraud affecting the consideration of the note. The appellant attacks the verdict on several very strong

grounds, which, however, were not taken at the trial. There are no exceptions in the case which can disturb the judgment, and the attention of the court below was not called in any instance to the objections now urged against the defendant's case. The judge was not asked to instruct the jury on any point of law, and no objection was made to his leaving the question of fraud to the jury as the only question in the case.

The appeal from the order denying the motion for a new trial does not assist the plaintiff. A new trial is not the right of the defeated party where the whole trial was conducted on a theory of law and fact to which he assented. It is too late after verdict to urge objections which, if made at the trial, could have been easily obviated. New trials will be granted where the court errs in submitting the case to the jury upon a theory of law which is not sustained by any facts in evidence, even if the defeated party has taken no exception; but where there are several theories to which the facts are applicable, and the trial is conducted upon one of them, and no objection is made to it, a new trial should not be granted. It seems from the opinion of the judge given upon the motion for a new trial, that the points on which the motion was made were then presented for the first time.

The case was submitted to the jury on the question of fraud. If they found the plaintiff guilty of fraudulent misrepresentations, as an inducement to the transaction by which he got the notes, the defendants were entitled to judgment. It was not necessary that the whole contract should be rescinded and disaffirmed, or an offer made to that effect by the defendant, in order to avail himself of the defense of fraud. Fraud may be a bar to recovery without other rescission or repudiation of the transaction. In this case, the contract could not be rescinded by the defendant alone. On the sale he gave two notes, and one of them he paid before he discovered the fraud. The plaintiff having that money in his pocket, cannot demand a disaffirmance on the defendant's part.

The judgment should be affirmed.

Judgment reversed.