THE ANDES FIRE INSURANCE COMPANY OF CINCINNATI, OHIO, *against* JOHN LOEHR.

(Decided June, 1875.)

A policy of fire insurance contained a clause declaring that it was " understood and agreed, as one of the conditions of this policy, that the person or persons, if any, other than the assured, who have procured this insurance to be taken by this company, shall be deemed the agent or agents of the assured, and not of this company, in any and all transactions relating to this insurance :" *Held,* that one who was employed by the insurance company as a surveyor and solicitor, and who procured the defendant to insure in the company, did not come within the meaning of this clause, and was to be regarded as the agent of the company.

APPEAL by defendant from a judgment of this court entered on the verdict of a jury after a trial before Judge LARREMORE, and also from an order denying a motion for a new trial. The action was brought to recover from the defendant the amount of a premium on a fire insurance policy issued by the plaintiff to the defendant.

The defendant pleaded payment and showed on the trial, without contradiction, that he had paid the premium to one Teale, through whom his insurance with the plaintiff had been negotiated. The plaintiff claimed, however, that Teale had no authority to receive the money, and had never paid it over. The policy contained this clause:

"It is understood and agreed, as one of the conditions of this policy, that the person or persons, if any, other than the assured, who have procured this insurance to be taken by this company, shall be deemed the agent or agents of the assured, and not of this company, in any and all transactions relating to this insurance."

There was evidence given on the trial (which is detailed in the opinion) to show that Teale was in the employ of the plaintiff. The Judge submitted only one question to the jury, viz., whether Teale ever paid the premium to the company, and on this point the jury found against the defendant.

*John A. Foster*, for appellants.

*Miron Winslow*, for respondent.

CHARLES P. DALY, Chief Justice.—It was not within the meaning of this clause in the policy, the "procuring of the insurance by a person other than the insured," if Teale was in fact the agent of the plaintiffs. It would then be the plaintiff who procured the insurance. *Qui facit per alium, facit per se.* Teale assumed to act for the plaintiffs when he called upon the defendant. He testified that he was serving at that time in the plaintiff's company in the capacity of surveyor and solicitor, which latter term I suppose means, in connection with insurance, one whose occupation it is to get persons to insure in the company by whom he is employed. The plaintiffs are a foreign corporation doing business in this State, and they had an office both in Brooklyn and New York. He was employed in the Brooklyn office, and his salary was paid to him there by an agent of the company. The application for this insurance, he says, was made by him, as I understand his testimony, at the

office in Brooklyn, and was turned over to the New York office,. from which the policy was issued. If this statement was true, and he was an employee of the company, the company by giving him the policy to take to the defendant, held him out to the defendant as their agent, and where that is the case the principal is responsible for the misconduct, negligence or fraud of the agent whilst acting as Teale was, within the scope of his authority.

The defendant did not apply for the insurance, but Teale came to him and solicited it on behalf of the company. The defendant preferred to run the risk of fire rather than pay the high rate. He had paid seven per cent. in another company, and Teale replied, " I think *we* will take you cheaper; I think. *we* will take you for about five per cent." Whereupon defendant agreed to take a policy from the company at five per cent. When Teale brought him the policy, the defendant, who was a German and not able either to read or write English well, asked him the name of the president to whose order the check was to be drawn for the payment of the insurance. If, he testified,. he could have read the policy, he would have taken it and found the president's name. Teale, when the defendant as stated asked the president's name, said " give me a blank check and I will fill it in myself ; " which the defendant did, and Teale drew the check payable to his own order, and the defendant signed it, after asking him particularly if the name inserted was the name of the president, to which Teale answered " Yes," and he thereby obtained the money which the plaintiffs claim he never paid to them.

Two of the plaintiffs' agents testified that they were the only authorized agents of the plaintiffs in the city of New York, and that Teale was never employed by the company in any capacity. But this was not conclusive. Teale testified that he was employed and paid in the Brooklyn office, by Lemuel Freeman, agent of the company, and if he was employed in that office as surveyor and solicitor, and brought the application there, which the office turned over to New York, it would make no difference as to the defendant's responsibility. At all events it was a question of fact for the jury, which the Judge took from them,

under the impression that it was immaterial whether Teale was an employee of the company or not. This I think was erroneous. In my judgment it was the turning point in the case, and a new trial should be granted, costs to abide the event.

LOEW and J. F. DALY, JJ., concurred.

A motion for a reargument was made by the plaintiffs' counsel, on which the opinion below was delivered.

*Miron Winslow*, for motion.

*John A. Foster*, opposed.

J. F. DALY, J.—Although defendant did not formally request the learned judge who tried the cause to submit to the jury the question whether Teale was acting as the agent, or was the agent of plaintiff in delivering the policy and receiving the premium, and did not except to the charge for leaving but the single question of payment to the Standarts to the jury, yet, as this case comes before us on appeal from the order refusing a new trial, as well as from the judgment, we may look into the whole case to ascertain if injustice has been done by a failure to submit to the jury questions proper for them to pass upon (*Keyes* v. *Devlin*, 3 E. D. Smith, 523 ; *Maier* v. *Homans*, 4 Daly, 168).

I think the question should have been submitted to the jury as to the agency of Teale. The policy contained a clause that " the person or persons other than the assured, who have procured this insurance to be taken by this company, shall be deemed the agent or agents of the assured, and not of this company in any and all transactions relating to this insurance." The plaintiff is a foreign insurance company having duly appointed agents, in this city H. D. & C. W. Standart, and in Brooklyn Lemuel Freeman. The Brooklyn and New York offices were distinct and independent of each other. John P. Teale was employed in the Brooklyn office by Lemuel Freeman, the agent of the company, in the capacity of surveyor and so-

licitor for the company, and was paid a salary. The duties of surveyor need no explanation, but plaintiff's counsel insists that there is no such office as solicitor, and no description of the duties or powers of such an officer in the case. The term, however, as that of an employee of the company, is used by the witness Teale in describing his position in the Brooklyn office, and, what is significant, is used by the regular agent, C. W. Standart, in his denial of Teale's agency. He says: "Teale was not in the employ of the company, or ourselves, as surveyor or solicitor." The name evidently refers to the nature of his duties and the expression "soliciting," as applied to the endeavors of the agents of insurance companies to induce people to insure with them, has found its way into the books (*Insurance Co.* v. *Wilkinson*, 13 Wall. 222). The witness, Teale, was not examined by either side as to the nature of his duties as solicitor, nor as to his appointment as such, and the use of the term without question by both parties on the trial, together with his own uncontradicted evidence of his employment as such by the lawful agent of the company in Brooklyn, satisfies me that the office and duties of "solicitor" of the Andes Fire Insurance Company was conceded on the trial. There is no denial in the case that he was the authorized solicitor for the company employed by the Brooklyn agent. If, in the performance of his duties, he solicited insurance from the defendant, his acts would be the acts of the company, and if, in pursuance of an arrangement to insure the defendant, he went to the office of the company, and put in the application of defendant, he did not thereby become the agent of the defendant, notwithstanding the clause in the policy, for the defendant was dealing as directly with the company in agreeing with Teale, as if he were making such agreement with Freeman the general agent, since Teale was acting within the scope of his authority to solicit the insurance, apply to the office for the policy, and deliver it to the defendant, all of these acts being but one, viz., the insuring of defendant according to the bargain or agreement made with him.

But it is said that Teale, who was employed by the Brooklyn agent, exceeded his authority in coming to New York to solicit for the company here, and consequently did not act for the

company in putting in an application for defendant in the New York office. The answer to this objection is : that Teale swears generally that he was "in the employ of the Andes as surveyor and solicitor," and there is no proof that his authority was limited to Brooklyn ; that defendant had no notice of any such limitation of Teale's authority, while he was told positively by Teale that he "was engaged in the Andes Company ;" that to hold that the agents of the plaintiff, by soliciting insurance and then making the application in neighboring offices, not their own, constituted them the agents of the assured, would be suffering the company to use the clause in its policy designed to protect them against strangers as an instrument by which they might defraud the public, and, finally, that the evidence of plaintiff's witness, H. D. Standart, that he signed the policy and after that it "went right along in the regular run of business," was evidence that it was delivered to defendant by Teale in the regular course of plaintiff's business. This, coupled with the fact that plaintiff's New York agents delivered the policy to Teale to deliver to defendants in March, and made no demand for the premium until October—seven months afterwards—were matters which should have been left to the jury on the main question.

I have not referred to evidence given by plaintiff's witness conflicting with the testimony to which allusion has been made by me, because that conflict merely carried the question to the jury.

I am in favor of reversal and a new trial, as formerly ordered by the general term when this case was originally submitted.

CHAS. P. DALY, Ch. J., and LOEW, J., concurred.

Ordered accordingly.