THE STANDARD OIL COMPANY, Respondent, *v.* THE AMAZON INSURANCE COMPANY, Appellant.

This court can only review judgments and grant new trials for errors of law; and such errors must be pointed out by exceptions taken at a proper time.

Where, therefore. it is alleged that a verdict is perverse, excessive in amount, and contrary to the law and the evidence, the judgment entered thereon cannot be reviewed here without an exception.

This rule has not been changed by the provision of the Code of Civil Procedure (§ 999) in reference to the granting of a new trial by the judge presiding at the trial.

For such errors, *it seems*, the General Term has power to grant a new trial in its discretion, although no exceptions were taken on the trial.

In an action upon a policy of fire insurance, it appeared that when the issuing of the policy was reported to defendant by its agent, it at once notified him to cancel the policy, unless the "average clause" was inserted; this notice did not reach the agent until after the fire. On

the trial defendant's counsel asked one of its witnesses whether "an average clause in a policy is favorable or unfavorable to an insurance company." This was objected to and excluded. *Held*, no error.

(Argued December 18, 1879; decided January 13, 1880.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, affirming a judgment in favor of plaintiff and affirming an order denying a motion for a new trial. (Reported below, 14 Hun, 619.)

This was an action upon a policy of fire insurance.

It appeared on the trial that the policy was issued by defendant's agent in New York, who reported it to the home office in Ohio. By the policy defendant had the option to cancel it; it telegraphed to its agent to cancel it, unless the "average clause" was inserted; this telegram was not received by the agent until after the fire.

The further facts appear in the opinion.

*Samuel Hand*, for respondent. There being no exceptions, there was nothing for this court to review, (*Oldfield* v. *N. Y. and H. R. R. Co.*, 4 Kern., 310; *Godfrey* v. *Johnstown*, 1 Keyes, 556; *McClune* v. *Cain*, 2 id., 203; *Dain* v. *Wyckoff*, 18 N. Y., 45; *Cady* v. *Allen*, 18 id., 573; *Metcalf* v. *Baker*, 57 id., 662.) If Peck regarded the fact of approval as really material, he was put upon the duty to inquire. (*Long* v. *Warren*, 68 N. Y., 426; Kerr on Fraud, 85 [Bump's ed.].) Disaffirmance of a contract for fraud must be prompt upon knowledge of the facts. (*Bruce* v. *Davenport*, 1 Abb. Ct. App. Dec., 233; *Wheaton* v. *Baker*, 14 Barb., 594; *People* v. *Stephens*, 71 N. Y., 529; *Proud-foot* v. *Montefiore*, L. R. [2 Q. B.], 511.) One cannot accept or claim the benefits of a contract made by an agent without ratifying and adopting the conditions and representations upon which it was made. (*Baker* v. *Ins. Co.*, 43 N. Y., 283; *Elwell* v. *Chamberlain*, 31 id., 611.)

*Henry L. Burnett*, for appellant. A new trial will be granted upon motion when there have been serious misdirec-

tions, even, although, no exception was taken at the trial. (Graham & W. on New Trials, *262; *Boyden* v. *Moore*, 5 Mass., 365; *Penfield* v. *Rich*, 1 Wend., 380; *Lawrence* v. *Barker*, 5 id., 301; *Alger* v. *Duncan*, 39 N. Y., 313; 2 Tidd's Pr., 863; *Doe* v. *Roberts*, 2 Chitty, 272; *Adams* v. *Andrews*, 15 Q. B., 1001; *Crotty* v. *Rice*, 15 id., 1003n; *Bunnell* v. *Greathead*, 49 Barb., 106; *Benedici* v. *Johnson*, 2 Lans., 94; *Lattimer* v. *Hill*, 8 Hun, 171; *Archer* v. *Hubbell*, 4 Wend., 514; *Wehle* v. *Haviland*, 42 How. Pr., 399; *Cowles* v. *Watson*, 14 Hun, 41; *Sheldon* v. *H. R. R. R. Co.*, 14 N. Y., 218; *Macy* v. *Wheeler*, 30 id., 235; *Highland Bank* v. *Wynkoop*, Hill & Denio, 243; *Harris* v. *Wilson*, 1 Wend., 511; *Wardell* v. *Hughes*, 3 id., 418; *Coyle* v. *City of Brooklyn*, 53 Barb., 62; *Carnes* v. *Platt*, 6 Robt., 270; *Alexander* v. *Barker*, 2 C. & J., 133; *Cotteran* v. *Hindle*, 2 L. R. [C. P.], 368; *Delafield* v. *Illinois*, 2 Hill, 159; *Cook* v. *Whipple*, 55 N. Y., 150, 157.) The charge was erroneous, because it declares that a positive affirmative false statement upon the part of Lord was necessary to vitiate the policy. (Phillips on Ins., 537; Story on Contracts, § 506; *Schinder* v. *Heath*, 3 Camp., 506; *Moen* v. *Heyworth*, 10 M. & W., 155; *McFarran* v. *Taylor*, 3 Cranch, 280; *Dagget* v. *Emerson*, 3 Story, 732; *Mason* v. *Crosby*, 1 W. & M., 342; *Roosevelt* v. *Fulton*, 2 Cow., 134; *Bowery Ins. Co.* v. *N. Y. Fire Ins. Co.*, 17 Wend., 359; *Bennet* v. *Judson*, 22 N. Y., 238; *Dennison* v. *Thomaston Ins. Co.*, 20 Me., 125; *Lobdell* v. *Baker*, 2 Met., 201; *Sawyer* v. *Coastw. Ins. Co.*, 6 Gray, 221; *Leeds* v. *Wakefield*, 10 id., 508; *Giles* v. *Madison Ins. Co.*, 2 N. Y., 44; *Barteau* v. *Phœnix Ins. Co.*, 67 id., 595; Phillips on Ins., 542; May on Ins., § 209; *Bowery Ins. Co.* v. *N. Y. Fire Ins. Co.*, 17 Wend., 359; *Valton* v. *National Fund Ins. Co.*, 20 N. Y., 32; *Ritt* v. *Washington Co.*, 41 Barb., 353, 358; *North American Fire Ins. Co.* v. *Throop*, 22 Mich., 146; *Wakeman* v. *Dalley*, 51 N. Y., 27; *Sibbald* v. *Hill*, 2 Dow. P. R., 263; *Valton* v. *National Fund Co.*, 20 N. Y., 32, 37.) A new trial will be granted when a verdict is perverse. (*Sweetman* v. *Prince*, 62 Barb.,

256; *McDonald* v. *Walter*, 40 N. Y., 551, 553; *Salva* v. *Law*, 1 Johns. Cas., 337; *Wilkie* v. *Roosevelt*, 3 id., 206; *Rogers* v. *Murray*, 3 Bosw., 254, 262; *Ayres* v. *O'Farrel*, 4 id., 668; *Clark* v. *Richards*, 3 E. D. Smith, 89; *Alger* v. *Duncan*, 39 N. Y., 313.) James Lord's · statements, whatever their form, were false. (*Fitzsimmons* v. *Joslin*, 21 Vt., 129; Wharton on Agency, § 170; 2 Pars. on Con. [5th ed.], 778, 779; *Stitt* v. *Huidekopers*, 17 Wall., 384, 393; *Todd* v. *Hardie*, 5 Ala., 698; *Pool* v. *Devers*, 30 id., 672, 677; *Johnson* v. *State*, 14 Ga., 55; *Hepburn* v. *Bank*, 2 La. Ann., 1007; *Ralph* v. *Chicago*, etc., 32 Wis., 177, 181; *Standard Oil Co.* v. *Triumph Ins. Co.*, 3 Hun, 591; affid., 64 N. Y., 85; Pars. on Con. [5th ed.], .778.) The verdict was for too large in amount. (*Green* v. *Mayor*, 4 Robt., 675.) There was no evidence to sustain the verdict and this is ground for a new trial. (Graham & W. on New Trials, 362 *et seq* ; *Halpin* v. *Third Avenue R. R. Co.*, 8 J. &. S., 177; *Sharkey* v. *Torrilhon*, 7 Hun, 343; *Alger* v. *Duncan*, 39 N. Y., 313; *McDonald* v. *Walter*, 40 id., 551; *Stettiner* v. *Granite Ins. Co.*, 5 Duer, 594; *Townsend Mfg. Co.* v. *Foster*, 51 Barb., 356 ; *Shearman* v. *Henderson*, 12 Hun, 170 ; *Cheney* v. *N. Y. Cent. R. R. Co.*, 16 id., 415.) The refusal to grant a new trial was error of law reviewable in this court. (*Wright* v. *Hunter*, 46 N. Y., 409; *Sands* v. *Crooke*, 46 id., 564; *Dickson* v. *Broadway R. R.*, 47 id., 507; *Downing* v. *Kelly*, 48 id., 433; *Dickson* v. *Broadway R. R.*, 47 id., 507; *McDonald* v. *Walter*, 40 id., 551; *East River Bank* v. *Kennedy*, 4 Keyes, 279–286; *People* v. *McKinney*, 52 N. Y., 274, 383; *Briggs* v. *N. Y. C., etc., R. R.*, 72 id., 26; *Easterly* v. *Barber*, 66 id., 433; *Heyne* v. *Blair*, 62 id., 19; *Wilson* v. *Maltby*, 59 id., 127; *Fiske* v. *B. and O. R. R.*, 53 id., 550; *Hamilton* v. *N. Y. Cent.*, 51 id., 101; *Spooner* v. *Keiler*, 51 id., 528; Code of Civil Procedure, §§ 190 and 1337; Throop's Code, 568, notes.)

EARL, J. · After the verdict in this case, the defendant moved for a new trial upon the minutes of the judge

before whom the trial was had, and the motion was denied. Judgment was then entered upon the verdict, and the defendant then appealed from the order denying the new trial and from the judgment to the General Term, and there both the order and judgment were affirmed. It then appealed to this court.

There is but one exception in the case, and that is to the exclusion of a question by defendant to one of its witnesses, whether " an average clause in a policy is favorable or unfavorable to an insurance company." I am unable to perceive how the question was material, and I have no doubt it was properly excluded.

But the learned counsel for the defendant claims that there were errors in the charge of the judge ; that the verdict was perverse, excessive in amount, and contrary to the law and the evidence ; and he contends that these errors can be reviewed here, without any exceptions. For such errors the Supreme Court has ample power to grant new trials, and in the exercise of its discretion, it can grant new trials, although no exceptions were taken upon the trial. But this court can review judgments and grant new trials only for errors of law, and such errors must be pointed out by exceptions taken at the proper time. Such has been the uniform practice of this court, and no decision to the contrary can be found. In *Oldfield* v. *The N. Y. and H. R. R. Co.* (14 N. Y., 310), where a similar claim was made, COMSTOCK, J., said : " The remaining points of the appellants' counsel, that the damages were excessive, and that the verdict was against evidence and against the law of the case as laid down at the trial, were properly addressed to the Supreme Court, which could reverse the judgment and grant a new trial on those grounds. But this court has no such power. Where a trial and general verdict have been had, we can deal only with questions of law upon exceptions duly taken, and we cannot correct the errors of the jury."

It is claimed, however, that whatever the rule may formerly have been, it has been changed by the New Code, sec-

tion 999 of which provides that the judge presiding at the trial may entertain a motion upon his minutes to set aside a verdict and grant a new trial upon exceptions, " or because the verdict is for excessive or insufficient damages ; or otherwise contrary to the evidence or contrary to the law." The words " contrary to the law " are new. But they confer no new power ; the Supreme Court always had that power. It was frequently exercised, and the right to exercise it was never disputed ; (*Macy* v. *Wheeler*, 30 N. Y., 231; *Algeo* v. *Duncan*, 39 id., 313.)

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.