### BENEVILLE *v.* WHALEN.

(*Common Pleas of New York City and County, General Term.* May 18, 1888.)

1. INJUNCTION—VIOLATION OF—EMPLOYMENT OF COUNSEL TO DEFEND PROCEEDINGS.
    It is not a violation of an injunction against carrying on business, for the defendant, a voluntary association or club, to employ counsel to advise and defend it in said injunction proceedings.
2. ATTORNEY AND CLIENT—COMPENSATION—VOLUNTARY ASSOCIATION—RECEIVER.
    In such case the attorney so employed can recover, in an action against a receiver of such association, for services rendered the association before the appointment of the receiver; but compensation for services after that time is discretionary in the court making the appointment.
3. SAME—ACTION FOR FEES—NEW TRIAL.
    Although, on trial of an action for such services, proof was introduced by plaintiff of services rendered after the appointment of the receiver, without objection, a motion for a new trial having been overruled, upon appeal the court will entertain such objection, and award a new trial.
4. SAME—PROOF OF RETAINER.
    In such case the record of the cause wherein plaintiff appeared as counsel is *prima facie* but not conclusive evidence of his employment, and it is unnecessary for him to prove a resolution of such club retaining him.

Action by Emile Beneville against John Whalen, receiver of the Friendship Boat Club, a voluntary association, for legal services rendered for said club. Judgment for plaintiff for $275, and defendant appealed.

Argued before DALY, BOOKSTAVER, and ALLEN, JJ.

*Blandy & Hatch,* for appellant. *Emile Beneville,* respondent, *pro se.*

DALY, J. In the action in which the defendant was appointed receiver, viz., *Biglin* v. *Murray,* as president of the Friendship Boat Club, a voluntary association, the association was enjoined from transacting any business by the order to show cause, but it was nevertheless quite proper for the club and its president to take measures for its protection in that action, and to employ attorney and counsel. The court which granted the order to show cause certainly did not intend that the injunction contained in it should operate to prevent the defendant therein from seeking legal assistance in making response to such order. There was therefore no violation of the mandate of the court in retaining this plaintiff to advise and defend the association. But the appellant is right in his contention that the association had no power to pledge the funds or property, subsequently committed by the court to the custody of its receiver, to the expense of legal proceedings had after the appointment of such receiver. The attorney and counsel retained by the club may maintain an action for services rendered up to the time of the appointment, but not afterwards; his compensation for services subsequent to the appointment resting in the discretion of the court appointing the receiver. *Barnes* v. *Newcomb,* 89 N. Y. 108. The recovery in this action was for $275, upon evidence of all the services rendered by respondent before and after the receiver was appointed. It was error to allow a recovery, as matter of right, to that extent; and although no objection was made on the trial to the evidence offered, and the point is taken for the first time on appeal, we ought, as a motion for a new trial was made, to entertain the objection, and order a new trial. *Maier*

v. *Homan*, 4 Daly, 168. In view of certain exceptions to rulings upon the trial, it is proper to say that, in our opinion, the judgment record was *prima facie* evidence of the employment of the attorney for the defendant therein, but not conclusive; and that it was not necessary for him to prove a resolution of the club retaining him to defend. The judgment should be reversed, and a new trial ordered, with costs to abide event.

BOOKSTAVER and ALLEN, JJ., concur.