## BALDWIN v. ROOD.

### (*Supreme Court, General Term, Fifth Department.* June, 1888.)

1. PRACTICE IN CIVIL CASES—NONSUIT—FAILURE OF PROOF.
   Plaintiff, in an action for money paid on certain promissory notes, alleged that he was induced to sign the notes through fraudulent representations of defendant, and obtained a judgment, which was reversed on appeal because there was no proof of fraud. On the second trial, the proof being the same, a nonsuit was properly granted.

2. PLEADING—AMENDMENT—ACTION EX DELICTO—CHANGE TO ACTION EX CONTRACTU
   A court has no power on trial to allow a complaint alleging an action in tort to be amended by changing it to an action on a contract.

3. SAME—VARIANCE—EXCLUSION OF EVIDENCE.
   In an action to recover money paid on a note which plaintiff alleged he was induced to sign with another through the fraudulent representations of defendant, plaintiff gave evidence tending to show that he signed as indorser; that defendant gave plaintiff due notice that he had demanded payment of the maker, and that payment was refused; that such notice was false, but that, relying on its truthfulness, plaintiff paid the money. *Held* that, as none of these facts were alleged in the complaint, and no issue joined thereon, the court did not err in refusing to submit them to the jury.

On exceptions from circuit court, Monroe county.

Action brought by Addison R. Baldwin against Elmendorf Rood. Motion by plaintiff for a new trial founded upon exceptions taken on the trial of the action at the Monroe circuit, and ordered to be heard at general term in the first instance. At the close of the evidence, the plaintiff's counsel moved for a leave to amend the complaint so as to make it an action on contract, without stating the character of the new cause of action intended to be set forth in the amended complaint. The motion was denied, and the plaintiff excepted. The plaintiff thereupon made a request to go to the jury upon all the questions in the case, and particularly as to whether or not the plaintiff paid the notes described in the complaint under a mistake, which request was denied, and the plaintiff excepted. Thereupon the defendant's motion for a nonsuit was granted, and the plaintiff again excepted.

Argued before BARKER, P. J., and HAIGHT, BRADLEY, and DWIGHT, JJ. *Turk & Barnum*, for plaintiff. *C. C. Davison*, for defendant.

BARKER, P. J. It is alleged in the complaint as the plaintiff's cause of action that the defendant was about to conclude a sale of some personal property, of which he was the owner, to one Maria Strong, upon credit, and with a view of securing payment of the notes which she intended to make and deliver to the defendant for the purchase price. Defendant solicited the plaintiff to become a party thereto, and to induce him to do so the defendant made certain false, fraudulent, and untrue statements relative to the value of the property, with intent to injure and cheat and defraud the plaintiff. The sale was concluded, and the plaintiff joined in the execution of the notes, either as maker or indorser,—in which capacity is not clearly established by the evidence. The principal debtor, on account of her insolvency, was unable to

pay the notes, and after their maturity the same were paid by the plaintiff to the defendant upon his demand. On the former trial the plaintiff had a verdict, which this court set aside, holding, among other things, that the evidence failed to establish any fraud on the part of the defendant in procuring the plaintiff to became security for the payment of the notes. The evidence upon the trial now under review on that question is precisely the same. The alleged cause of action is for a tort, and the court had no power on the trial to amend the complaint, changing the cause of action to one upon contract. Neither the exception to granting a nonsuit, nor the one to the refusal to allow the complaint to be amended, were well taken.

On this trial the plaintiff gave some evidence tending to show that he indorsed the notes, and did not sign the same as maker, and that the defendant gave the plaintiff notice at the proper time that he had demanded payment of the note of the maker, which had been refused, and that he should look to the plaintiff for its payment. The plaintiff also gave evidence tending to show that the defendant did not demand payment of the note of the maker at its maturity, and that the statement contained in the notice of protest that he had done so was false and untrue. It was upon this evidence that the plaintiff claimed that he had paid the money under a mistake of fact, and was entitled to recover back the same in this action. None of these facts were alleged in the complaint, and no issue joined upon the question thus presented, and the court properly refused to submit the same to the consideration of the jury. Upon this motion we can only consider the exceptions, and as it appears that none of them were well taken, the motion for a new trial is denied, and judgment ordered for the defendant, with costs.

All concur.