## FASSBENDER *v.* WESTERN TRANSIT CO.

*(City Court of New York, General Term.   October 3, 1889.)*

APPEAL—REVIEW—OBJECTIONS NOT RAISED BELOW.

A charge that the burden of proof is on the one alleging negligence will not be reviewed on appeal, where no exception was taken at the time, and the attention of the court was not called to any peculiar features of the case which brought it within any exception to the general rule.

Appeal from trial term.

Action by Jacob Fassbender against the Western Transit Company to recover a balance due on freight transported by plaintiff from place of shipment to Buffalo.   Defendant pleaded recoupment for damage to freight, and for shorage.   Trial by jury, and verdict for plaintiff.   From the judgment entered on the verdict defendant appeals.

Argued before McADAM, C. J., and NEHRBAS and McGOWN, JJ.

*Potter & Potter,* for appellant.   *Hyland & Zabriskie,* for respondent.

PER CURIAM.   We have examined the elaborate appeal-book and briefs submitted, and are satisfied that the evidence sufficiently supports the verdict rendered by the jury.   In the exercise of our discretion we decline to review that portion of the charge of the trial judge (that was not excepted to) wherein he said that the burden of proof was upon the defendant to show that the plaintiff, as carrier, was negligent.   *Oil Co.* v. *Insurance Co.,* 79 N. Y. 506.   As a rule, a party charging negligence must prove it, and, if the peculiar features of the case brought it within one of the exceptions to the rule changing the burden of proof, the defendant might, by calling the trial judge's attention to it, have elicited a further charge satisfactorily covering the exception applicable.   No such request was made, nor was any exception taken to what the judge did say, and he probably assumed that both parties acquiesced in his view that the general rule controlled.   There was evidence that the injury about which the dispute arose was discovered in Chicago, and the plaintiff's duty terminated at Buffalo, so that proving the bad condition of the goods at Chicago did not necessarily imply that the plaintiff was the cause of the injury, so as to throw upon him the burden of proving the contrary. Upon the entire case we are of opinion that substantial justice has been done, and that the judgment appealed from should be affirmed, with costs.   All concur.