### CUMBER *v.* SCHOENFELD.

(*Common Pleas of New York City and County, General Term.* January 5, 1891.)

1. AMENDMENT OF PLEADING—CHANGE OF CAUSE OF ACTION.

At the trial of an action for malicious prosecution, the complaint in which alleged the arrest of plaintiff under a warrant, it appeared, on cross-examination of defend-

ant's witnesses, that the arrest was without a warrant, and thereupon plaintiff was allowed to amend the complaint by adding a cause of action for false imprisonment. *Held*, that such amendment was error, under Code Civil Proc. N. Y. § 723, permitting a pleading to be amended to conform to the proof only "where the amendment does not change substantially the claim or defense."

**2.** SAME—REVIEW ON APPEAL.

Though no exception thereto was taken, a judgment for plaintiff should be reversed.

Appeal from trial term.

Action by Jeremiah Cumber against Louis N. Schoenfeld. Defendant appeals from a judgment for plaintiff entered on a verdict, and from an order denying a motion for a new trial. Code Civil Proc. N. Y. § 723; provides: "The court may * * * amend any process, pleading, or other proceeding, * * * where the amendment does not change substantially the claim or defense, by conforming the pleading or other proceeding to the facts proved."

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

*Michael Jacobs*, (*Christopher Fine*, of counsel,) for appellant. *Albert I. Sire*, (*Jacob Fromme*, of counsel,) for respondent.

PRYOR, J. Appeal from a judgment for plaintiff on a verdict, and from an order denying a motion for a new trial. The complaint exhibits but a single cause of action, and that is strictly and exclusively for malicious prosecution. Plaintiff rested upon proof of a right of recovery for malicious prosecution only; but, having elicited, on cross-examination of defendant's witnesses, that the arrest was without a warrant, although his complaint expressly alleged that the arrest was under a warrant, plaintiff moved, at the close of the case, to amend the complaint to conform to the proof. The motion was granted, and, although no amendment was actually made, it is clear, beyond controversy, that the amendment moved for and allowed was the addition to the complaint of a cause of action for false imprisonment. The amendment was so regarded by counsel, and by the court; and, in the charge, the case was expressly submitted to the jury as authorizing a recovery as well for false imprisonment as for malicious prosecution. Upon proper objection, made at the time, the trial judge would undoubtedly have refused to permit the amendment. That it is improper to permit at the trial a new cause of action to be introduced into the complaint is apparent upon the terms of the Code, as well as by the uniform course of adjudication. Code Civil Proc. § 723; *Price* v. *Brown*, 98 N. Y. 388, 393; *Reeder* v. *Sayre*, 70 N. Y. 181; *Harris* v. *Tumbridge*, 83 N. Y. 92, 97; *Bockes* v. *Lansing*, 74 N. Y. 437; *Baldwin* v. *Rood*, 1 N. Y. Supp. 713; *Ferry Co.* v. *Allen*, 12 Civil Proc. R. 64. If it be answered that no exception was taken by defendant to the allowance of the amendment, the reply is that, to authorize a review by the general term, a formal exception is not indispensable. *Maier* v. *Homan*, 4 Daly, 168; *Mandeville* v. *Marvin*, 30 Hun, 282, 287, 289; *Standard Oil Co.* v. *Amazon Ins. Co.*, 79 N. Y. 506, 510; *Hamilton* v. *Railroad Co.*, 53 N. Y. 25, 27; *Lattimer* v. *Hill*, 8 Hun, 171; *Ackart* v. *Lansing*, 6 Hun, 476. The case, then, was limited throughout as an action for malicious prosecution, and for nothing else; and it was not until both parties had rested, and the summing up about to begin, that defendant intimated a claim to recover for false imprisonment. The fundamental condition of recovery in such an action is proof by plaintiff of the absence of probable cause for his prosecution, and it is impossible to say what would have been the determination of the jury upon it had it been submitted to them as a separate and distinct question. Nay, as the case was submitted to the jury, we cannot say but what they did not pass upon the question at all; for, in express terms, the court charged that, "if the plaintiff shows that he has been illegally arrested or detained, that makes out his cause of action." With such an instruction, the verdict

might well have proceeded upon the illegal arrest alone, although the jury had found for defendant on the issue of probable cause; and so the effect of interpolating a new cause of action at the close of the case becomes sufficiently manifest. If it be said that no harm accrued to defendant by allowing a recovery for false imprisonment, because that ground of action was established by clear and incontrovertible proof, we answer that, at all events, the defendant should have had a fairer opportunity to contest the fact of the illegality of the arrest than was afforded him by notice of an issue as to the fact given him for the first time after the close of the case. We think, in the interests of justice, a new trial should be awarded, costs to abide the event.

All concur.