## CRANE et al. v. SCHLOSS et al.

*(Common Pleas of New York City and County, General Term.   June 1, 1891.)*

1. APPEAL—ERRORS IN CHARGE—WHEN REVIEWABLE.
> An exception alone to an instruction which assumes a fact in dispute, or which omits to submit to the jury a material fact as to which the evidence is conflicting, is not sufficient to authorize an appellate court to review alleged errors in the charge, but there must be a specific request to submit the fact to the jury, and an exception to the refusal.

2. SAME—EXCEPTION—PRACTICE IN GENERAL TERM.
> On appeal to the general term of the court in which the judgment appealed from was rendered, such judgment may, in furtherance of justice, be reviewed, though a valid exception be wanting; but this rule does not apply to appeals from the general term of the city court to the general term of the court of common pleas, in which case a valid exception is necessary.
> Affirming 13 N. Y. Supp. 581.

Appeal from city court, general term.

Action by William M. Crane and others against Nathan J. Schloss and others. A judgment for defendant was affirmed by the general term of the city court, and plaintiff again appeals.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

*Howard R. Bayne,* for appellants. *Simson Wolf,* for respondents.

BISCHOFF, J.   Plaintiffs sued to recover the value of certain gas fixtures and supplies alleged to have been sold and delivered to the defendants at their request, and the defendants resisted the claim upon the ground that the fixtures and supplies were delivered upon trial, and that they were not to retain and pay for the same unless such fixtures and supplies proved satisfactory, which, it was claimed, they did not.   Upon the trial of the action evidence was introduced for the plaintiffs tending to show that with the consent of the defendants their premises were supplied by plaintiffs with four chandeliers for trial, and subject to defendants' satisfaction and approval; and that some time thereafter, defendants having expressed their satisfaction and approval, they directed plaintiffs to supply eight additional chandeliers.   The evidence adduced for defendants tended to show that the eight chandeliers were furnished by plaintiffs under the same conditions as the first four.   No exceptions were taken to the admission and exclusion of evidence, and, when both sides rested, there was sufficient evidence to have authorized a verdict supporting either version of the contract; and that counsel for the respective parties so considered is manifest from the absence of a motion to dismiss the complaint, or for the direction of a verdict, and upon this appeal it is not contended that under proper instructions by the trial judge the verdict for defendants would not have been authorized by the evidence.   Appellants' only complaint is that the trial justice erred in his charge by assuming that the contract was as claimed by the defendants, thus withdrawing from the jury the consideration of the fact whether or not the fixtures and supplies, the value of which was sought to be recovered in this action, were furnished by the plaintiffs under the unconditional promise of the defendants to pay therefor.   It must, of course, be conceded that if defendants' promise to pay was unconditional, it matters not that the fixtures subsequently proved unsatisfactory to them, and they could not escape payment on that ground; while, on the other hand, if their promise was to pay only in the event of their approval of and satisfaction with the fixtures, the plaintiffs could not recover, in the absence of proof that defendants were satisfied and did so approve.   A careful perusal and consideration of the learned trial justice's charge would lead to the conclusion that there is force in appellants' contention, and that the justice fell into the error of assuming the defendants' promise to have been conditional upon their approval and satisfaction.   Be this as it may, however, the insufficiency of appellants' exception precludes us from according the desired relief.   Counsel excepted "to so much of the charge of the court as states to the jury that they must find for the defendants if the goods in question were not satisfactory to the defendants, and to so much of the charge as states that, if the jury determine that the work was not done to the satisfaction of the defendants, then their verdict must be for the defendants."   Were it conceded that defendants' promise was conditional upon their approval and satisfaction, the instructions would have been proper, and the error complained of rests rather in an omission to charge than in a misdirection.   This omission consisted in the failure of the trial justice to call the attention of the jury to the fact that the evidence for plaintiffs tended to show that defendants' promise to pay for the twelve chandeliers supplied was unconditional, and made after their approval of the first four, and then to have directed the jury, if they should find in accordance with plaintiffs' version of the contract, to award them the sum demanded.   To authorize an appellate court, however, to review alleged errors in the charge of the trial court arising from an unauthorized assumption of a fact in dispute, or an omission to submit to the jury for their determination any material fact concerning which there is conflicting evidence, an exception alone is not available.   It should be accompanied by a specific request for the submission of the fact in dispute to the jury, and, if such request is refused, the exception thereto is available on appeal; otherwise the party complaining must be deemed to have acquiesced in

the charge. *Mallory* v. *Railroad Co.*, 3 Abb. Dec. 139; *Van Vechten* v. *Griffiths*, 4 Abb. Dec. 495; *Quill* v. *Railroad Co.*, 11 N. Y. Supp. 80. The cases cited by counsel for appellants, to the effect that errors committed upon the trial may, in the furtherance of justice, be reviewed on appeal, although a valid exception be wanting, have reference only to the authority of the general term of the court wherein the judgment was rendered to award a new trial for such errors.[1] Respecting appeals from the city court to this court, the power to grant relief for such errors is the same as that of the court of appeals, (*McEteere* v. *Little*, 8 Daly, 167; *Farley* v. *Lyddy*, Id. 514;) and to authorize a reversal a valid exception is imperatively necessary, (*Rowe* v. *Comley*, 2 Civil Proc. R. 424.) The judgment and order appealed from must be affirmed, with costs.

DALY, C. J., concurs.

PRYOR, J., (*concurring.*) It is quite true that in the opening of his charge the learned trial judge assumed the contract to be conditional on the approval of the lights by the defendants; but, on interruption by the plaintiffs' counsel, he corrected the statement, and distinctly put the case to the jury on the hypothesis that the purchase by the defendants was absolute, saying: "If this testimony [of the plaintiffs that the order was unconditional] is believed by you, your verdict will be for the plaintiffs." Taken in its entirety, the charge, including the responses to the requests, is not obnoxious to criticism. With this qualification, I concur in the opinion for affirmance.

---

[1] Counsel cited on this point, *Cumber* v *Schoenfeld*, 12 N. Y. Supp. 282; *People* v. *Livingston*, 79 N. Y. 280.