AUSTIN *v.* STATEN ISLAND RAPID-TRANSIT RY. CO.

*(Common Pleas of New York City and County, General Term.* June 1, 1891.)

1. RAILROAD COMPANIES—ACCIDENTS AT CROSSINGS—STATUTORY SIGNALS.
   Laws N. Y. 1854, c. 282, § 7, requires a railroad company to ring the bell of its engine or blow the whistle at 80 rods from a grade crossing. Laws N. Y. 1886, c. 593, p. 838, repeals that act, and no such duty has been imposed upon a railroad company since. *Held,* in the absence of a statutory provision, that the omission of defendant to ring the bell was not negligence *per se,* and whether defendant's train approached the crossing with proper care should have been submitted to the jury.

2. SAME—NEGLIGENCE—INSTRUCTIONS.
   In an action to recover damages against a railroad company for the negligent killing of plaintiff's intestate, it was error to submit to the jury, at the request of plaintiff, the questions, "(1) Was the flagman negligent in not warning the deceased sooner?" "(2) Were the engineer and fireman negligent in not seeing the deceased?"—the question to be submitted to the jury being whether, under the circumstances of the case, defendant exercised the care that the law required of it, without specifying the particular mode.

3. APPEAL—REVIEW—OBJECTIONS NOT RAISED BELOW.
   A judgment for plaintiff, based on an erroneous charge at the trial term of the court of common pleas, may be reversed, though no formal exception to the charge

was taken at the trial, the same not being indispensable to authorize the court in general term to review its own judgment, if there is a well-founded reason to believe that a verdict has been rendered on improper instructions.

Appeal from trial term.

Action by Charles V. Austin, administrator of Walter C. Austin, deceased, against the Staten Island Rapid-Transit Railway Company. From a judgment entered upon a verdict in favor of the plaintiff, and from an order denying a motion for a new trial, defendant appeals.

Argued before ALLEN, P. J., and BISCHOFF and PRYOR, JJ.

*Tracy, McFarland, Boardman & Platt*, for appellant. *Chas. N. Codding*, for respondent.

ALLEN, P. J. The plaintiff's intestate was struck by one of the defendant's locomotives, and killed, at the John-Street crossing, on the afternoon of November 10, 1888. No whistle was sounded as the engine approached the crossing, and the testimony as to the ringing of the bell—whether it was rung at all, or, if rung, between what points—was conflicting. The negligence claimed is that the deceased was not warned by the defendant of the approach of its train, either by bell or whistle. After examining the case, we are of the opinion that there was sufficient evidence to take to the jury the questions of negligence as questions of fact, and that the action of the trial judge in refusing a nonsuit was correct. The judgment, however, must be reversed, and a new trial ordered, by reason of an error of the trial court in submitting the case to the jury, which will be pointed out. The court, in the charge, after stating that the negligence claimed was a failure to warn the deceased of the approach of the train by a whistle or a bell, says: "An examination of the law shows us what the duty of a railroad company is with respect to the ringing of the bell. It is prescribed that a bell should be placed on each locomotive engine run on any railroad, and rung at a distance of at least eighty rods from the place where the railroad shall cross any public road or street on the same grade of the railroad, and be kept ringing until it shall have crossed the said road or street; or a steam-whistle shall be attached to each locomotive engine of any railroad, and sounded at a distance of at least eighty rods from the place where the railroad shall cross any such public road or street upon the same level of the railroad, except in cities, and be sounded at intervals until it shall have crossed such road or street. If the bell was not rung as required by statute, the failure to ring it would be a negligent act on the part of the railroad company, and the plaintiff's claim is that the evidence establishes that it was not rung as required by the statute, and therefore that the plaintiff was negligent in that respect." It thus appears that the question of the defendant's negligence was entirely taken from the jury, by charging that, if the jury found that the bell was not rung, then the defendant had violated the statute, and was negligent in law. The statute referred to by the trial court was section 7, c. 282, Laws 1854. That section required railroad companies to ring the bell of the engine or blow the whistle at 80 rods from the crossing at a grade or a track of public road, and made the company responsible for damages resulting from that omission, and made the engineer who should omit the required signal guilty of a misdemeanor. This statute, except the last provision as to the penal provision against the engineer, was repealed by the general repealing act of 1886, c. 593, (Laws 1886, p. 838.) Since the passage of this repealing act, there has been no statutory duty upon railroad companies to give the specified signals at the required distance; and so it appears that when the accident to the plaintiff's intestate occurred, in November, 1888, the railroad company was charged with no statutory obligation to ring the bell at a crossing. The court, however, submitted the case to the jury upon the assumption that the statute referred to was still in ex-

istence. Neither the court nor the counsel seem to have been aware of the repeal of the statute. No exception appears to have been taken to this part of the charge, but the appellant claims that his exception at folio 136 of the case is sufficient to raise the question of the correctness of the judge's charge. It is not necessary to discuss this matter, for the reason that a formal exception is not indispensable to authorize us to review our own judgments, for, if there is a well-founded reason to believe that the verdict has been rendered upon an improper instruction of the court, or that justice has not been done, we may reverse the judgment, although no sufficient exception has been taken at the trial. *Maier* v. *Homan,* 4 Daly, 168; *Cumber* v. *Schoenfeld,* 12 N. Y. Supp. 282; *Standard Oil Co.* v. *Amazon Ins. Co.,* 79 N. Y. 506. We are of the opinion that the error above referred to requires a new trial in this case. In the absence of the statute, the omission to ring the bell was not negligence *per se,* and whether the defendant's train approached the crossing with proper care should have been submitted to the jury. *Lewis* v. *Railroad,* (N. Y.) 26 N. E. Rep. 358. It also appears to us that the court erred in leaving to the jury, at the request of the plaintiff, the questions: (1) Was the flagman negligent in not warning the deceased sooner? (2) Were the engineer and fireman negligent in not seeing the deceased? The question to be submitted to the jury was whether, under the actual circumstances of the case, the company exercised the care that the law required of it, and whether, if it did not, the neglect of this care caused the injury to the plaintiff's intestate. Whether there is negligence depends upon the degree of care required to be given in each particular case, irrespective of any particular mode. The charging of these requests was excepted to, and seems to be in violation of the rule laid down in *Grippen* v. *Railroad Co.,* 40 N. Y. 34; *Houghkirk* v. *Canal Co.,* 92 N. Y. 219; *Dyer* v. *Railroad Co.,* 71 N. Y. 228; *Semel* v. *Railroad Co.,* 9 Daly, 321. The judgment and order should be reversed, and a new trial ordered, with costs of appeal to abide the event. All concur.