HARDIN, P. J.
From the pleadings and from the evidence ■offered at the trial, it is apparent that the female defendant executed her promissory note to the order of her husband, the male defendant, and that he indorsed the same, and used it in consummating the purchase from the plaintiffs of a hoi;se at the price of $180; delivering simultaneously with the note of $130 so made and indorsed the sum of $50, in full payment for the horse so purchased. The note is not set out in the appeal book. The evidence satisfactorily established the fact that the male defendant was the purchaser of the horse, and entered into the contract with the plaintiffs which was consummated by the delivery of the note and the $50. It is very apparent that the warranty of the horse disclosed by the evidence ran to the male defendant. In his answer there is a counterclaim set up in connection with the averment of a breach of the warranty made by the plaintiffs at the time of the sale of the horse. The evidence given at the trial satisfactorily established the warranty, and it also presented a question of fact for the jury to determine,—as to what damages the male defendant had suffered. Evidently the jury were of the opinion that the note on which the plaintiffs counted was without consideration, and that the male defendant was entitled to recover back the money which he had paid, to wit, $50, and the interest thereon, and was also entitled to receive damages by reason of -the breach ■of contract of warranty. Apparently the circuit judge, in delivering his charge, failed to discover that there was not any counterclaim set up in the answer of the female defendant. The- evidence does not disclose that any counterclaim existed in her behalf. The evidence does disclose that it exists in behalf of the male defendant. Inasmuch as his liability was a several liability, it was competent for him to set up a defense which should exting-; uish the cause of action relied upon by the plaintiffs, as well as! to set up a counterclaim in virtue of a contract of warranty which! ran from the plaintiffs to him. There is nothing in the case to indicate any right in the female defendant to enforce a counter *849 claim.■ It seems to be errpneous to allow the female defendant to recover damages upon a contract which she was not a party to, or to recover upon a counterclaim which she has not set up in her answer. Spofford v. Rowan, 124 N. Y. 108; 35 St. Rep. 65; Halliburton v. Clapp, 36 Supp. 1041.
Although there was no motion for a nonsuit or for the direction of a verdict, or exception to the charge delivered by the judge, it was in the power of the court, upon a motion for a new trial made upon the minutes, to direct such judgment as, upon the ■evidence and the pleadings and the verdict, was proper. Such omissions do not prevent the party from moving to set aside the verdict as being “founded on insufficient evidence.” Shearman v. Henderson, 12 Hun, 170, approved and followed in Lucas v. McEnerna, 19 Hun, 16. It is competent for this court to make such an order, in reviewing the motion for a new trial made upon the minutes, as might have been made by that court. It seems, under the circumstances of this case as now presented, the judgment as to the male defendant, should be affirmed, with costs, and the judgment modified as to the female defendant by striking therefrom the award of damages in favor of the female defendant, and directing that the complaint as to the female defendant be -dismissed, and that such modification be made without costs of the appeal to either the plaintiffs or the female defendant. Code Civ. Proc. § 1317; Altman v. Hofeller, 83 Hun, 429; 64 St. Rep. 669; Goodsell v. W. U. Telegraph Co., 109 N. Y. 147; 15 St. Rep. 73; Petrie v. Williams, 68 Hun, 697; 52 St. Rep. 587.
Judgment as to Fred. W. Lang, affirmed, with costs, and the judgment as to Rosa Lang modified by striking therefrom the award of damages in her favor, and directing the complaint as to her to be dismissed, and the judgment as so modified, as to her, is affirmed, without costs to her or to the plaintiffs.
WARD, J.
The exceptions taken upon the trial are without merit, and need not be considered. The damages awarded by the jury, so far as the defendant Fred W. Lang was concerned, were mot excessive. They were made up of $56.30, being the $50 paid by the defendant Fred W. Lang to the plaintiffs upon the purchase of the horse, and the interest on the same, and a veterinary-surgeon’s bill incurred by the defendant Fred W. Lang, and medicines procured by him, in a proper attempt to remove the disease and cure the horse of the lameness which the jury found existed at the time of the sale ; the surgeon’s bill and medicines amounting to $25 or $35.
The remaining point made by the appellants is that the verdict and judgment in favor of the defendant Rosa Lang in connection with her husband (the other defendant) was erroneous, and this presents a serious question. . There were no exceptions to the charge of the court, or any request to charge, by either party; so that the charge of the court that verdict could be rendered for both of the defendants upon the counterclaim was not challengéd bv any exception of the plaintiffs upon the trial. The correctness ‘ *850 of the verdict in favor of the wife was, perhaps, challenged upon,the motion for a new trial upon the minutes. No reason seems-to exist why the defendant Rosa Lang, who was in fact a surety upon the note in controvery, and who had advanced nothing upon-this purchase, and had suffered no damage by reason of the transaction, should recover damages as by way of counterclaim, none-being alleged in her answer. Had the attention of the trial court-' been properly called by the plaintiff to this matter, the court undoubtedly would have instructed the jury that, while the defendant Rosa Lang might be relieved altogether from her note, still, if the affirmative relief was granted by way of damages and counterclaim, the other defendant alone was éntitled to it. That was not done, and the question here is whether the plaintiffs can .avail themselves of the error thus committed upon the trial, upon this review. The court has the power and it is its duty to inspect the-whole record, and to correct every substantial error which is disclosed by the examination, though not specifically pointed out by exception (Standard Oil Co. v. Amazon Ins. Co., 79 N. Y. 510; Mandeville v. Marvin, 30 Hun, 282; Lattimer v. Hill, 8 id. 171; Maier v. Homan, 4 Daly, 168; Baylie, New Trials, 125); and the omission of the defeated party to move for a nonsuit, or to request that a verdict be directed in his favor, or to except to the-submission of any particular question to the jury, does not preclude-him from moving to set aside the verdict on the minutes of the-judge presiding at the trial, upon the ground that the evidence was insufficient or that the verdict was contrary to law, and I think we may assume, as to any of the other grounds specified in section 999 of the Code of Civil Procedure, Shearman v. Henderson, 12 Hun, 170, Lucas v. McEnerna, 19 id. 14; Tate v. McCormick, 23 id. 218; Kelly v. Frazier, 27 id. 314.
As no authority seems to exist in the law for this judgment in-favor of the wife, Rosa Lang, it must be reversed as to her. There was evidence sufficient to go to the jury upon the question as to the unsoundness of the horse, and to sustain the counterclaim alleged by the defendant Fred Lang to the extent of the damages awarded by the jury, and the judgment should therefore be affirmed as to him. The power of this court is ample to make-such a disposition of the case.- Code Civ. Proc. § 1317; Schoonmaker v. Bonnie, 20 St. Rep. 428; Simar v. Canaday, 53 N. Y. 298.
Judgment directed as recommended in the memorandum hereiu, of HARDIN, P. J.
FOLLBTT, ADAMS, and GREEN, JJ., concur.