HEINRICH IMHORST, Respondent, *against* EDWARD BURKE. *et al.* Appellants.

(Decided February 5th, 1877.)

In an action for conversion of second-hand furniture, the testimony of plaintiff alone as to its value, he not being shown to be an expert and testifying only that. he had purchased and knew the original cost of a part of the articles, and that in his opinion one-third off original cost was their value, is insufficient evidence to sustain a finding of the value of the property converted.

APPEAL by the defendants from a judgment of this court entered upon the report of John P. Crosby, as referee, to whom it had been referred to hear and determine the issues.

The action was brought by the plaintiff Imhorst to recover damages for the conversion of certain furniture. The referee found that the value of the furniture was $1,179 77, and that the plaintiff should recover that sum. The defendants excepted to the finding of the referee of that sum as the value of the furniture. The only evidence given before the referee of value of the articles converted was the testimony of the plaintiff, which is stated in the opinion.

*William Hildreth Field,* for appellant.

*Thomas S. Moore,* for respondent.

*Per Curiam.* *—We are of opinion that the evidence of value of the goods withheld from the plaintiff is too vague, general and uncertain to sustain the finding of the referee on that question. The goods consisted of office furniture, desks, chairs, carpets, shades and screens, iron railings, stoves, looking-glasses, brushes, blotters, paper baskets and similar articles, all which had been used by Seymour, McCullogh &. Co. for some time before the plaintiff acquired title to them.

* Present, VAN BRUNT, JOSEPH F. DALY, and VAN HOESEN, JJ.

Without showing the length of time they had been in use; the amount of wear they had been subjected to, the condition in which they were at the time the plaintiff demanded the return of them, or their adaptability to use elsewhere; the plaintiff, who was his own and the sole witness as to value, claiming to be an expert because he had furnished offices and bought and sold furniture on several occasions for his own use, and in the course of his business, was allowed to state, as the basis of his valuation, the original cost of the articles with a deduction of " one-third old for new." This rule of one-third off the cost was adopted by the referee in assessing the value. No reason was given for applying such a rule except the plaintiff's statement that he considered the property worth one-third less than its original cost. He had not bought all the property himself, and he testified from the books as to the cost of a portion of it at least. There can be no ground for such an inflexible rule with reference to second-hand furniture; the value of which must depend upon its condition.

Judgment reversed, new trial ordered, costs to abide the event.