Rowe v. Comley.

---

## New York Common Pleas.

### General Term—November, 1882.

VAN BRUNT, P.J.;  J. F. DALY and VAN HOESEN, JJ.

## GEORGIE V. ROWE, *against* WILLIAM J. COMLEY ET AL.

**Compromise Verdict.—Married Women.—Reading Pleadings to
Jury.**—The marine court, general term, may set aside a compro-
mise verdict, rendered in that court, but the common pleas on ap-
peal therefrom cannot.

Amendments are allowed to uphold judgments, but never to reverse
them.

Where a married woman proves a contract made by herself for her own
personal services, and payment is to be made to her, it will be pre-
sumed, in the absence of any proof or circumstances to the contrary,
that such services are to be performed on her sole and separate ac-
count; and in such a case, under the laws of Massachusetts as well
as this State, a married woman is entitled to sue for and recover her
own earnings.

The pleadings in a case are always before the court and jury, and it is
from them that the issues to be tried are to be determined, and a
party in summing up has a right to refer to the pleadings for the
purpose of calling the attention of the jury to the exact position of
the parties in respect to the issues to be tried.

Rowe *v.* Comley.

*F. K. Pendleton,* for appellants.

*H. H. Spelman,* for respondent.

This action was commenced in the New York marine court to recover damages for a breach of contract for services to be rendered by the plaintiff as an actress. The answer denied the contract as alleged, and pleaded an accord and satisfaction. The action was tried before Mr. Justice McAdam and a jury, and a verdict having been rendered for the plaintiff for a less sum than the amount claimed, a motion was made for a new trial, upon the ground, among others, that the verdict was the result of a compromise upon the part of the jury. The motion was denied, and from the judgment entered upon the verdict an appeal was taken to the general term of the marine court, where said order and judgment were affirmed, and from such affirmance an appeal was taken to the court of common pleas, where the following opinion was filed :

Van Brunt, P. J.—The point which was urged upon the argument of this appeal was that the verdict was the result of a compromise upon the part of the jury. We are of the opinion that this court has no power to reverse a judgment or grant a new trial for such a reason.

"When a trial and general verdict has been had, we can deal only with questions of law arising upon exceptions duly taken, and we cannot correct the errors of the jury." This is the rule as laid down in the court of appeals in the cases of Oldfield *v.* N. Y. & H. R. R. Co. (14 *N. Y.* 310) and Standard Oil Co. *v.* Amazon Ins. Co. (79 *N. Y.* 610), and as the appellate powers of this court in respect to appeals from the general term of the marine court are similar to those of the court of appeals in the cases of appeals to that court, the same rule must obtain.

Rowe v. Comley.

If the general term of the marine court had seen fit to set aside the verdict upon the ground that it was the result of a compromise, they would have had the power so to do in the exercise of its discretion; but this court can only consider upon appeal the exceptions taken during the trial.

The exception taken to the refusal to dismiss the plaintiff's complaint because she was a married woman, and that as the contract was made in Boston, the laws of Massachusetts must govern, and there being no proof of what the laws of Massachusetts were, the common law must control the rights of the parties, cannot be sustained, as upon the objection being taken, and before the defense opened their case, the plaintiff put in evidence the laws of Massachusetts in reference to the rights of married women.

Even if this had not been the case, no defense of coverture having been set up in the answer, and no amendment of the pleading having been allowed, the motion to dismiss upon the ground of coverture was properly denied.

If it should be urged that the fact was proven without objection, and that the pleadings may be amended at any time to conform to the proof, it may be sufficient to suggest that such amendments are allowed in the appellate court to sustain a judgment, but never to reverse a judgment.

We are also of the opinion that where a married woman proves a contract made by herself for her own personal services, and payment is to be made to her, it will be presumed, in the absence of any proof or circumstances tending to the contrary, that such services are to be performed on her sole and separate account (Burbeck v. Ackroyd, 14 N. Y. 359), and in such a case, under the laws of Massachusetts, as well as of this State, a married woman is entitled to sue for and recover her own earnings.

The objection to the reading of the defendant's answer to the jury does not seem to be well taken. The pleadings are always before the court and jury, and it is from them that the issues to be tried are to be determined, and a party certainly has a right to refer to the pleadings for the purpose of calling the attention of the jury to the exact position of the parties in respect to the issues to be tried.

The judgment should be affirmed, with costs.