(3 Misc. Rep. 71.)

SWEETSER v. CAMERON.

(Common Pleas of New York City and County, General Term. March 15, 1893.)

1. APPEAL—FROM CITY COURT TO COMMON PLEAS—WEIGHT OF EVIDENCE.
   On appeal from an order of the general term of the city court affirming an order denying a new trial, this court has no jurisdiction to reverse on the ground that the verdict is against the weight of evidence.

2. SAME—ABSENCE OF EVIDENCE.
   While we have authority to reverse a judgment of the city court which appears without evidence to support it, the point must be presented by an appropriate exception on the trial.

(Syllabus by the Court.)

Appeal from city court, general term.

Action by John H. Sweetser and others against William L. Cameron for damages for breach of contract. A judgment entered on a verdict in favor of plaintiff, and an order denying a motion for a new trial, were affirmed by the general term of the city court, and defendant appeals. Affirmed.

Argued before BISCHOFF and PRYOR, JJ.

J. Stewart Ross, for appellant.
Kneeland, Stewart & Epstein, for respondents.

PRYOR, J. The learned counsel for the appellant quite misconceives the function of this court. Our appellate power, in relation to the city court, is identical and coincident with the revisory jurisdiction of the court of appeals over its subordinate tribunals, and so is limited to a review of errors of law suggested by appropriate exceptions. Keller v. Feldmann, (Com. Pl. N. Y.) 21 N. Y. Supp. 581; Walsh v. Schulz, 67 How. Pr. 186; Rowe v. Comley, 2 Civil Proc. R. 424, 16 Wkly. Dig. 343. Mistakes by the jury are beyond our competence to correct. Bell v. Bartholomew, 12 Wkly. Dig. 33; McEteere v. Little, 8 Daly, 167; Farley v. Lyddy, Id. 514. It results, therefore, that, as to the weight of the evidence, we are concluded by the affirmance of the order denying the motion for a new trial. Still, as a verdict without evidence involves error of law, we may correct it; but, to the exercise of the power, an exception presenting the question of the sufficiency of the proof to sustain the finding is an indispensable condition. Schwinger v. Raymond, 105 N. Y. 648, 11 N. E. Rep. 952. Here was no motion for a nonsuit or for a direction; and, "however unjust the verdict, this court is powerless to give relief."

Nevertheless, we have considered the evidence with care; and our conclusion, on the merits of the case, is in accordance with the decision of the jury. A critical examination of the record discovers no error by the court, of prejudice to the appellant.

Judgment affirmed, with costs.