Louisa Stokes, Appellant, *v.* Laura Pease, as Executrix, etc., of Mary Ann Banks, Deceased, Respondent.

*Action by a married woman for services — when maintainable — presumption that her services belong to her husband — agreement that services shall be provided for by will.*

Under the provisions of section 2 of chapter 90 of the Laws of 1860, and of section 1 of chapter 381 of the Laws of 1884, if a married woman, with the knowledge of her husband, renders services to a third person, pursuant to a contract for compensation, she may maintain an action to recover the price agreed upon or the value of the services rendered.

The common-law presumption that the services of a wife belong to her husband exists notwithstanding the provisions of chapter 90 of the Laws of 1860 and chapter 381 of the Laws of 1884, but such presumption may be rebutted.

When services are rendered under an agreement that compensation for them shall be made by will, which is not done, the value of the services may be recovered against the decedent's estate.

APPEAL by the plaintiff, Louisa Stokes, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 20th day of January, 1894, upon the report of a referee appointed under section 2718 of the Code of Civil Procedure.

*T. McCants Stewart,* for the appellant.

*William E. Wyatt,* for the respondent.

FOLLETT, J. :

Since some time anterior to February 1, 1888, the plaintiff has been a married woman, residing with her husband at No. 125 West Twenty-seventh street. Mrs. Mary Ann Banks, a widow, and the plaintiff were sisters. For many years prior to her death Mrs. Banks was a paralytic and unable to care for herself. From February 1, 1888, until August 1, 1891 — three years and six months — she was cared for by the plaintiff as a member of her family, at No. 125 West Twenty-seventh street, under an agreement made with the plaintiff that she would give and devise her property to the plaintiff. April 15, 1893, Mrs. Banks died leaving a will which was probated June 2, 1893, and letters testamentary thereon were issued to the defendant. Testatrix left an estate of $1,300. On the 16th of June, 1893, the plaintiff presented a claim for twenty dollars a week for her services as nurse from February 1, 1891, which was rejected, and the claim was referred pursuant to the statute. There is no dispute about the facts of the case. It was proved that the testatrix agreed with this plaintiff to compensate her for her care by bequeathing to her her property. That the care was rendered is conceded, together with the fact that nothing has been paid therefor, and that the testatrix bequeathed no part of her estate to the plaintiff. The referee dismissed the claim and ordered a judgment against the plaintiff, upon the theory that she being a married woman her services belonged to her husband, and that they could not be recovered in her own name. In this, under the facts proved, we think he erred.

Section 2 of chapter 90, Laws 1860, provides :

"§ 2. A married woman may bargain, sell, assign and transfer her separate personal property, and carry on any trade or business, and perform any labor or services on her sole and separate account,

and the earnings of any married woman from her trade, business, labor or services shall be her sole and separate property, and may be used or invested by her in her own name."

Chapter 381 of the Laws of 1884 provides :

" § 1. A married woman may contract to the same extent, with like effect and in the same form as if unmarried, and she and her separate estate shall be liable thereon, whether such contract relates to her separate business or estate or otherwise, and in no case shall a charge upon her separate estate be necessary."

Under these statutes if a married woman, with the knowledge of her husband, renders services to a third person, pursuant to a contract for compensation, she may maintain an action to recover the price agreed or the value of the services rendered. (*Adams* v. *Curtis*, 4 Lans. 164; *Sheldon* v. *Button*, 5 Hun, 110 ; *Snow* v. *Cable*, 19 id. 280 ; *Rowe* v. *Comley*, 11 Daly, 317 ; *Matter of Kinmer & Gay*, 14 N. Y. St. Repr. 618; *Brooks* v. *Schwerin*, 54 N. Y. 343 ; *Birkbeck* v. *Ackroyd*, 74 id. 356.)

In addition to the express contract between the plaintiff and the testatrix it appears that the former was engaged in business on her own account as a laundress, and it was shown on the trial that she was compelled to hire extra service because her time was occupied in caring for her sister.

The contract and the facts bring this case within those above cited and without *Reynolds* v. *Robinson* (64 N. Y. 589 ; 82 id. 103) and *Coleman* v. *Burr* (93 id. 17). The common-law presumption that the services of the wife belong to the husband exists, notwithstanding the statutes above cited, but under them the presumption may be rebutted, and it was in this case.

When services are rendered under an agreement that compensation for them shall be made by will, which is not done, the value of the services may be recovered against the decedent's estate. (*Robinson* v. *Raynor*, 28 N. Y. 494; *Reynolds* v. *Robinson*, 64 id. 589.)

The judgment should be reversed and a new trial granted before a referee to be appointed by this court, with costs to the appellant to abide the event.

O'BRIEN and PARKER, JJ., concurred.

Judgment reversed, new trial ordered before a referee to be appointed by this court, with costs to appellant to abide event.