(19 Misc. Rep. 9.)

### EBENREITER v. DAHLMAN et al.

(Supreme Court, Appellate Term, First Department. December 28, 1896.)

1. APPEAL—REVIEW OF VERDICT—EXCEPTIONS.
   In an action in the city court of New York for conversion, an objection to the verdict on the ground that the question of the value of all the property converted was submitted to the jury, including that as to the value of which there was no evidence, cannot be considered on appeal to the appellate term of the supreme court, where no exception was taken to such submission, and no instruction was requested on the subject.

2. SAME—EXCEPTIONS TO CHARGE.
   An exception to a portion of a charge covering several matters, as a whole "and to each part thereof," is too general.

3. DAMAGES—TRESPASS AND CONVERSION—LOSS OF PROFITS.
   In an action for the wrongful seizure by a sheriff of the stock in trade of plaintiff, and the closing of his place of business, which involves damages for trespass, as well as the conversion, the loss of profits during the time plaintiff was kept out of possession is a proper element of damages.

4. SHERIFFS—INDEMNITY BOND—LIABILITY OF SURETIES.
   The indemnitors of a sheriff who wrongfully seizes property under execution are liable for the damages caused by his closing and retaining possession of

the place of business where the goods were until their sale, to the exclusion of the rightful occupant.

5. EVIDENCE—PROVING VALUE.

The value of ordinary commodities, having a market value, may be proved by showing the value of articles of the same kind in the market, without showing that those in controversy were of the same quality.

Appeal from city court of New York, general term.

Action by Augusta Ebenreiter against Julius Dahlman and Isaac Marx, as indemnitors of the sheriff, for seizing property of plaintiff, and taking possession of her place of business, under an attachment against one Rheinfeldt, who was alleged by the answer to be the owner of, or to have a leviable interest in, the property seized. A judgment entered on a verdict in favor of plaintiff was affirmed by the general term of the city court (41 N. Y. Supp. 559), and defendants appeal. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

David Willcox and Otto Irving Wise, for appellants.

A. H. Berrick, for respondent.

DALY, P. J. The plaintiff claimed to be the owner of the attached property by virtue of a bill of sale executed by the attachment debtor before the levy. The bona fides of this conveyance was the principal issue on the trial, and the verdict of the jury established the plaintiff's right. She was therefore entitled to recover the value of the stock and fixtures seized by the sheriff, and, having been excluded by him from her place of business, is also entitled to the loss of profits while he remained in possession.

The complaint claimed $1,000 damages, of which $750 was for the value of the property seized, and $250 for injury to the business. The verdict was for $700, and appellants argue that the proof fails to sustain it.

The first objection is that there was no proof of the value of the fixtures. These were described in the evidence as "a double ice box, made of hard wood. It was a double decker, with brass trimmings. There was a large, big marble in the back, and two large marble benches, large marble slabs in the window, three square blocks, back railing, window railing, three scales, and a desk, corn beef stand, poultry box, and so on, tools, gas fixtures, meat racks with hooks attached, knives, cleavers, tools, swords." The question whether there was evidence to sustain a verdict for the value of the goods so enumerated and described is not raised by an appropriate exception. We cannot consider it upon the appeal from the order refusing a new trial, because we have no jurisdiction of such an appeal. Eckensbergen v. Amend, 10 Misc. Rep. 145, 30 N. Y. Supp. 915; Pharo v. Beadleston, 2 Misc. Rep. 424, 21 N. Y. Supp. 989. We can only review an order granting a new trial. Code, § 3191, subd. 2. Appellate power with respect to judgments upon verdicts in the city court is limited to a review of errors of law upon exceptions; and, although a verdict without evidence involves error of law, to correct it an exception presenting the question of the sufficiency of the proof is indispensable. Sweetzer v. Cameron, 3 Misc. Rep. 71, 22 N. Y. Supp. 555;

Rowe v. Comley, 11 Daly, 318; Briscoe .v. Litt (decided this term) 41 N. Y. Supp. 1107.

The objection that there was no evidence of the value of the fixtures was made in a motion to dismiss the complaint; but this was not the proper way to raise the question, because there was evidence of the value of the stock and the damage to the business, and the complaint could not be dismissed. As the denial of the motion, therefore, was proper, the exception to it presents no error.

After the denial of that motion, the case was given to the jury, without an exception to the submission of the question as to the value of the fixtures. The court charged, at the defendants' request, that the price named in the bill of sale was not evidence of value; but there was no request for an instruction that there was no other evidence of value, nor an instruction that no verdict could be rendered for the fixtures. By not asking for such specific instruction, and by not excepting to the submission of the claims for these articles, the defendants acquiesced in a submission of the question of the value of the fixtures upon such evidence as the jury had concerning their kind, quality, and condition. If that evidence was insufficient, the question is not presented by appropriate exception. On the question of the value of the stock there was competent and sufficient evidence.

It is alleged that the court erred in certain instructions to the jury on the question of value, which were made after passing upon the plaintiff's requests. But here, again, we find the want of an exception which points out the error. The record states that "defendants' counsel excepts to that portion of the court's charge which followed the requests to charge made by the plaintiff's counsel, and to each part thereof." This general exception is ineffectual. The portion of the charge referred to embraces several subjects, namely, the effect of the plaintiff's going into possession, absence of fraud on her part, and of knowledge of any fraud on the part of the vendor, absence of circumstances to arouse suspicion, her right to recover if the sheriff dispossessed or ejected her, and took possession of the property, besides an instruction that the jury were the sole judges of the value of the goods and chattels, notwithstanding the testimony which they must consider, as it might aid them in arriving at the value, but that they were to say from the testimony and their knowledge what the value of the property was. As the defendants' exception did not call the attention of .the court to the particular point now sought to be raised, namely, alleged error in the instruction as to value, that point cannot now be raised upon appeal.

Upon the question of damage sustained by the seizure of the plaintiff's place of business, and the consequent suspension of her trade, there was evidence that the daily profits of the business averaged ten to fifteen dollars. This evidence was given by the wife of the attachment debtor, who had acted as his cashier, and who after the sale to her mother, this plaintiff, served in the same capacity. Evidence was given of the expenses of the business and the amount of sales. The chief question upon this branch of the case is whether

the loss of profits could be allowed as damage.    Under the peculiar circumstances of the case, such loss was a direct result of the seizure by the sheriff.    Ordinarily, where conversion is brought for the taking and removal of the stock in trade by the sheriff, the value of the goods is the damage allowed; but if the action be for the trespass, as well as the conversion, as alleged in this complaint, which was for ejecting plaintiff from her business, and breaking up and destroying it, and depriving her of the use, benefit, and profits of it, as well as for the taking of the goods, chattels, and fixtures, and detaining them, the loss of profits while the plaintiff was so deprived is unquestionably a direct damage, as in every case of trespass which interferes with the trade or business carried on in the premises. Schile v. Brokhahus, 80 N. Y. 614.    The cases to the contrary cited by appellants were cases of conversion, or cases in which the proof of damage was uncertain.

It is objected, however, that, if the sheriff were liable for injury to the business, his indemnitors are not, because their bond to the sheriff did not authorize him to commit any overt act except the levying, attaching, or making sale of the personal property of the debtor, and for entering in the shop, store, building, or other premises for the taking of such property.    But the bond of indemnity thus authorized a trespass upon the premises where the property was situated, and the indemnitors are bound by the acts of the sheriff in directly carrying out the authority conferred upon him.    A distinction cannot be made between the exercise of his judgment in remaining in possession of the premises, in order to keep or sell the goods in that place, and in simply entering to take the goods.    He was empowered to make a seizure, and to do acts which tended necessarily to interfere with and break up the business for the time being, and to exclude the owner from her possession while so engaged.    He was set in motion by the indemnitors, and they cannot avoid responsibility, because he took complete possession of the premises, and retained them longer than was necessary to remove the goods.    As well might they claim exemption as to property which he permitted to be stolen or destroyed while in his custody.

A number of exceptions appear in the record, but none of them present error for which a reversal can be asked.    Nearly all the objections to evidence were on the ground that it was incompetent, irrelevant, and immaterial, and that objection, in the majority of cases, failed to specify the particular error complained of.    The bill of sale from Rheinfeldt to the plaintiff was admissible, because it was executed and acknowledged, and the fact that the plaintiff said that it was the paper she signed, when her signature was not on it, did not require its rejection.    The testimony as to what the sheriff said when he made the levy was admissible as part of the res gestæ.    Any prejudice to the defendant's case by his admissions could have been obviated by the request for a proper instruction to the jury to disregard the admission.    What was said and done by the plaintiff at the time she took possession under her bill of sale was competent for the same reason.    Allowing identification by the plaintiff of her savings banks books was not error, as they were not

offered in evidence. The exceptions to the qualifications of the witness Holsten as an expert were not well taken. When he testified that he had seen others buy meat and provisions, it might fairly be inferred that he saw or knew what was paid for them. It was not necessary, in giving the value of the meat, game, etc., to particularize that it was the market value of provisions of the same kind as those seized, as the evidence was in relation to ordinary commodities, and not, as in the case cited by appellants (Imhorst v. Burke, 7 Daly, 54), such chattels as secondhand furniture, which have ordinarily no market value. It was discretionary with the trial judge to refuse to permit an immaterial question to be put to the witness to test his memory, and also to restrict cross-examination of witnesses in rebuttal to matters inquired of upon their direct examination.

The objection that the witness Holsten was allowed to state the profits upon various provisions sold at retail was not put upon the ground that it was a statement of a conclusion; but, if it had been, the objection would not be good, because it was manifest from the prior questions and answers of the witness that he was simply giving the difference between the wholesale and the retail price of such provisions.

It is claimed that the defendants were prejudiced because the court refused to give a certain instruction requested by the defendants unless the plaintiff consented, and that this was calculated to deprive the instruction of all force, as suggesting to the jury that the rule stated was a matter merely of agreement between the counsel, and not a rule of law. No such point was made upon the trial, and is not presented by any exception.

We find no errors in the rulings or the charge, raised by competent exceptions, which require a reversal of the judgment.

Judgment affirmed, with costs. All concur.