(19 Misc. Rep. 112.)

### STOCK v. LE BOUTILLIER et al.

(Supreme Court, Appellate Term, First Department. January 25, 1897.)

1. MASTER AND SERVANT—NEGLIGENCE—EVIDENCE.

It is a question for the jury whether defendants were negligent in failing to instruct their employés that the cars of the bundle carrier in their store were liable to fall if. pushed backward on the track, where, knowing of that danger, they furnished their employés sticks to be used in starting the cars, and plaintiff, an employé, was injured by a car which fell because pushed backward by a co-employé in trying to start it with one of the sticks furnished for that purpose.

2. SAME—NEGLIGENCE OF CO-EMPLOYE—PROXIMATE CAUSE.

In such case it is a question for the jury whether the act of the co-employé in pushing the car backward was negligent so as to be an intervening cause of the injury, where he did not know that it was dangerous to push the cars backward.

3. TRIAL—ADMISSION OF TESTIMONY—ORDER OF PROOF.

In an action for injury to plaintiff by the fall of one of the cars of a bundle carrier in defendant's store, the trial court may, in its discretion, admit testimony that cars had previously fallen before it is shown that the car which injured plaintiff fell because of some defect, since the ruling relates merely to the order of proof.

4. SAME—MOTION TO STRIKE OUT—TESTIMONY PARTLY COMPETENT.

A motion to strike out "all the testimony" of a witness on the ground that he is not an expert is properly denied where the witness has testified not only to medical opinions, but to material facts within his own knowledge.

Appeal from city court of New York, general term.

Action by Maggie M. Stock against John Le Boutillier and another to recover for personal injuries. From a judgment of the city court (41 N. Y. Supp. 649) affirming a judgment entered on a verdict in favor of plaintiff, defendants appeal. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Seth B. Robinson, for appellants.

R. J. Haire, for respondent.

DALY, P. J. The plaintiff was employed by defendants in their retail store, and was injured by the fall of a car or basket from an overhead structure suspended from the ceiling, and used to convey parcels from one part of the store to another. Plaintiff sought to recover for her injuries against her employers on the ground that the appliance in question was improperly arranged, so as to render it dangerous to persons in the store, and was improperly and carelessly operated by defendants. The jury gave her $1,000 damages, and, the judgment entered thereon having been affirmed by the city court at general term, an appeal is taken to this court. The defendants admitted that the plaintiff was slightly injured by the fall of the car or basket, but denied that the system was under their control or management, and further alleged that the injury was caused by the negligence of one of their salesmen, who negligently pushed the car or basket from the wire on which it rested, and that his act was not due to their negligence, and was done without their knowledge or consent. It appeared upon the trial that the salesman referred to (one Liston) stood at a counter just back of that occupied by the plaintiff, and separated from it by a partition.

He testified that just before the accident he saw that two of the cars or baskets had stopped on the line above this partition. He took the pole,—one of a considerable number furnished by the defendants for the purpose,—and endeavored to clear the track by pushing these cars on. In his own language: "I got a stick, and tried to push them either way, and they would not move; and I put the stick between the two and shoved them apart, and one fell down. * * * The one that fell I pushed backwards. * * * It rolled over, and struck the young lady on the head." This was the plaintiff, as is shown by other evidence. The judge charged the jury as follows on this point: "If you find from all the evidence that Liston, by pushing that car backward, and by his carelessness or negligence caused it to fall and injure this plaintiff, that then he is the party who is liable, and not these defendants." It must be assumed, therefore, from the fact that the jury found a verdict against the defendants, that, although they may have believed that Liston's act caused the injury, they also believed it was not a negligent act on his part. This finding of the jury, if upon sufficient evidence, is conclusive here, and the appellants cannot urge that the defense of negligence of a co-employé was made out. The jury were justified, upon the evidence, in finding that Liston's act was free from negligence, as it did not appear that he knew that it was dangerous to push these cars backward, and that they were then likely to leave the track and fall. The evidence on the other hand not only justified the finding that this act of Liston's was not negligent, but also warranted a finding that the defendants' act in furnishing the poles to their employés to be used in pushing the cars when they stuck at any point upon the track, without giving proper instructions for the use of such poles, was negligent. If, as appears from the evidence, under certain conditions pushing the car backward was dangerous, as tending to derail it, the duty of the defendants was to properly instruct their employés as to such danger, and the safe manner of using the poles. Nothing would be more natural, if a car did not yield to a forward impulse, than to attempt to move it the other way, as Liston did. Omission to give such instruction was neglect of the master's duty such as to render him liable for any injury caused to one of his employés by the use of a dangerous appliance, put in the control of another employé without proper warning or instruction. The record does not show that any such instruction or warning was ever given. If it be claimed that the burden was upon the plaintiff to prove the absence of such instruction, no such defect of proof was pointed out in the motion to dismiss, nor was the point raised in any other way upon the trial; and, not being presented to us by any exception, cannot be considered.

The brief of the appellants suggests another defense to this action, namely, that the plaintiff could not recover because she assumed the risk of injury from this structure by remaining in the defendants' employ without protest, and with full knowledge of the condition of the system. Crown v. Orr, 140 N. Y. 450, 35 N. E. 648. But this defense was not suggested upon the trial, and can-

not be considered upon this appeal, because not presented by any ruling of the court. No error is apparent upon due exception upon this ground, and, as we cannot review the order refusing a new trial, and are limited to the consideration of errors presented by appropriate exceptions, the considerations under this head cannot be urged. Ebenreiter v. Dahlman (Sup.) 42 N. Y. Supp. 867; Briscoe v. Litt (Dec., 1896, App. Term), Id. 908. Besides, it is not shown that she, any more than Liston, knew of the particular danger that resulted in her injury. She assumed only the risks which she knew or ought to have known.

The exceptions in the case remain to be considered. Objection was made to plaintiff's testimony that she had seen cars fall, "unless plaintiff shows that the car which struck the plaintiff fell through some defect." A material question, as showing negligence on the part of defendants, was whether the cars often fell from the wire tracks, and it was within the discretion of the trial judge to allow evidence on this point before proof that the car that struck the plaintiff fell by reason of some defect. As regards the request to charge at folio 184, it need only be said that examination and repair are not all the master's duties. The original or permanent structure should be reasonably safe, irrespective of any question of examination and repairs. Defendants' counsel excepted to the charge that the defendants must see that there are no defects in the appliances furnished by the employers; but, as defendants subsequently requested a charge in substantially the same words, their exception is unavailing. Defendants' motion to strike out the testimony with regard to prior accidents as hearsay was properly denied, because, mingled with statements that were clearly hearsay, were other statements based upon personal observation and knowledge. So, too, with respect to the motion made after the testimony of the plaintiff's husband was given, "to strike out all of the testimony of the witness, as he is not shown to be an expert." He had given certain medical opinions, and it appeared that he was a medical student, and not a physician; but much of his testimony was to ordinary facts, such as any one, though not a physician, was competent to observe and testify to, with respect to his wife's condition. The fact that the witness had testified to other matters concerning her condition, such as only a medical practitioner would be competent to discover and bear witness to, did not warrant a granting of the motion as broadly as it was made. The motion to strike out the testimony as to the injury to one Moore was placed on the ground that there was no evidence "that the cut was caused by the fall of the basket," or "that the car struck Moore," and also that the evidence was incompetent. The point at issue was not whether the basket struck Moore, or any one else, but whether it fell. The effort of plaintiff was clearly to show, with cars or baskets falling so frequently, that the system must be deemed a dangerous one. If baskets of the weight and structure described often fell from the overhead tracks, threatening both employés and customers beneath, it is manifest that the appliance was dangerous, without showing that any one was struck. This partic-

ular portion of the evidence was, no doubt, hearsay, but that ground of objection was not taken.

We do not find any errors requiring the disturbance of the verdict in this case, and the judgment will be affirmed, with costs. All concur.