MANNING v. WEST et al.

(Supreme Court, Appellate Term, First Department. February 26, 1897.)

1. APPEAL—RECORD—OPINION OF TRIAL COURT.
    The opinion of the trial court cannot be considered on appeal, unless the judgment appealed from in express terms makes such opinion a part of the record.

2. SAME—WEIGHT OF EVIDENCE.
    The general term of the New York city court has power to review a judgment as contrary to the evidence, though no exceptions were taken at the trial.

3. SAME—PRESUMPTIONS.
    The appellate term of the supreme court will remand a case to the general term of the New York city court for a review of the evidence only when the record affirmatively shows that the general term failed to make such review, or held that it had no power to do so.

Appeal from city court of New York, general term.

Action by James S. Manning against Charles G. West and George W. Linch to recover the price of a gas engine. From a judgment of the city court (42 N. Y. Supp. 1128) affirming a judgment in favor of plaintiff, defendants appeal. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Cantor & Van Schaick (Eugene Van Schaick and Eliot Norton, of counsel), for appellants.

Adelbert E. Carroll, for respondent.

McADAM, J. The action is to recover the purchase price of an Otto gas engine sold and delivered by the plaintiff to the defendants in or about June, 1894. The defense is that the engine was not properly constructed, and that the plaintiff did not fully perform his part of the contract. The questions of fact arising under the issues were submitted to the jury, and they found adversely to the defendants. The general term affirmed the judgment, and because in the opinion filed reference is incidentally made to the omission of any request to dismiss the complaint when the plaintiff rested and on the close of the case, or of any exception to the charge, the appellants argue that the general term decided that it had no power to reverse, in the absence of such motion or exception, and apparently assume that, if such motion had been made, or exception taken, the general term, by necessary inference, would have reversed the judgment. The opinion permits of no such inference, and, if it did, could not be resorted to by an appellant as ground of reversal, unless the judgment appealed from in express terms made the opinion part of the record, which is not so here. Koehler v. Hughes, 148 N. Y. 507, 42 N. E. 1051; Randall v. Railroad Co., 149 N. Y. 211, 43 N. E. 540; Dibble v. Dimick, 143 N. Y. 549, 555, 38 N. E. 724.

The appellants are quite right when they say that the general term had power to review the judgment on appeal, and to order a new trial, if, in its opinion, the judgment was contrary to the evidence, whether exceptions were taken or not. Wehle v. Haviland, 42 How. Prac. 399; Kelly v. Frazier, 2 Civ. Proc. R. 322; Macy v. Wheeler, 30 N. Y. 231; Barrett v. Railroad Co., 45 N. Y. 628, 632;

Hamilton v. Railroad Co., 53 N. Y. 25; Smith v. Insurance Co., 49 N. Y. 211; Schwinger v. Raymond, 105 N. Y. 648, 11 N. E. 952.

In Hamilton v. Railroad Co., supra, the court said:

"The special term upon the motion, and the general term upon the appeal from its order, had the power, and it was the duty of each, to examine and determine whether the verdict was against the weight of evidence and the justice of the case, and, if of opinion that it was, to set it aside, and order a new trial."

In Smith v. Insurance Co., supra, the court (at page 216) aptly said that justice would be promoted if the court below should more frequently exercise its unquestioned right of reviewing verdicts upon the facts.

The court, in Kaare v. Iron Co., 139 N. Y. 369, 34 N. E. 901, was emphatically of the opinion that the general term, on appeal from an order denying a motion for a new trial, should not affirm the order simply out of deference to the trial judge, but should exercise an independent judgment, and grant a new trial in a proper case if the verdict is against the weight of evidence, or otherwise the right of appeal secured by the Code is of very little value. See, also, Nutting v. Railroad Co., 91 Hun, at page 258, 36 N. Y. Supp. 142; Bosko v. Railroad Co., Id. 320, 323, 36 N. Y. Supp. 261. The difficulty with the appellants' argument is that there is nothing in the record which affirmatively establishes that the general term failed to perform its full duty; and inferentially, at least, it was fully performed. If by the record it affirmatively appeared that the general term had neglected to review the evidence, or had held that it was without power to do so in the absence of exceptions, a new trial would not necessarily follow, as the case would be remanded to the general term for a proper hearing. All that occurs during a trial, and which is made matter of record, is open to inspection and review by the court in which the proceedings were had. It is otherwise when the record passes from the general term of that court, and comes before an appellate tribunal having jurisdiction to review judgments and grant new trials only for errors of law raised by exceptions taken in proper form, and at the right time. Standard Oil Co. v. Amazon Ins. Co., 79 N. Y. 506, 510; Ebenreiter v. Dahlman, 19 Misc. Rep. 9, 42 N. Y. Supp. 867; Briscoe v. Litt, Id. 5, 42 N. Y. Supp. 908.

As we cannot review the facts (Rowe v. Comley, 11 Daly, 317, 318), and the exceptions to the admission and exclusion of evidence are without merit, the judgment must be affirmed, with costs. All concur.