## MORRIS v. MURRAY.

(Supreme Court, Appellate Term. February 28, 1898.)

1. APPEAL—REVIEW—QUESTIONS OF LAW.

Upon an appeal from an affirmance by the general term of the city court of a judgment in favor of the plaintiff, the appellate court is limited to a consideration only of questions of law raised by the exceptions of the appellant.

2. SAME—SUFFICIENCY OF EVIDENCE.

Where, at the close of a case in the city court, the defendant moves to dismiss the complaint on the ground of failure to make out a cause of action, and upon denial of the motion moves for direction of a verdict for defendant, which is also denied, the only question arising upon the facts, which the appellate term of the supreme court may consider under the exceptions to the denial of the motions, is whether there was an absence from the case of any evidence tending to establish an essential element of the cause of action set forth in the complaint.

3. SAME—OBJECTIONS TO EVIDENCE.

Upon the trial of an action, plaintiff offered in evidence a paper received by plaintiff, and purporting to be a telegram from the defendant, but the original was not produced, and no proof was made that it had been transmitted by the defendant. Defendant's objection, however, was only a general one to its competency. *Held*, that the objection pertained only to the subject-matter of the proof offered, and not to the method of its presentation, and that it was too late, on appeal, to claim that a proper foundation had not been laid for the reception of the paper.

Appeal from city court of New York, general term.

Action by Fritz Morris against George Murray. Judgment for plaintiff was affirmed by the general term (48 N. Y. Supp. 615), and defendant appeals. Affirmed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

Herbert C. Smyth, for appellant.
Harold Nathan, for respondent.

BEEKMAN, P. J. We are limited on this appeal to a consideration only of questions of law raised by the exceptions of the appellant. Ebenreiter v. Dahlman, 19 Misc. Rep. 9, 42 N. Y. Supp. 867. On the close of the case, a motion was made to dismiss the complaint, on the ground that the plaintiff had failed to make out a cause of action; and upon the denial of the motion the counsel for the defendant thereupon asked the court to direct a verdict for the defendant, which was also denied. Both rulings were excepted to. The only question, then, arising upon the facts, which we are at liberty to

consider, is whether there was an absence from the case of any evidence tending to establish an essential element of the cause of action set forth in the complaint. Sweetzer v. Cameron, 3 Misc. Rep. 71, 22 N. Y. Supp. 555; Eckensberger v. Amend, 10 Misc. Rep. 145, 30 N. Y. Supp. 915. After a careful examination of the record, we are unable to find that such was the case. There was enough proof to require the submission of the case to the jury, and the motion to dismiss was properly denied. The issue was a very simple one. The contention of the plaintiff was that he did certain work for the defendant under his employment and on his individual promise to pay for the same. The defendant, on the other hand, claimed that he was a mere agent for the Long Beach Association, a fact which was well known to the plaintiff, and that the latter dealt with him as such agent, and undertook the work solely for the Long Beach Association, and on their credit only.

On the trial the plaintiff testified to the following conversation, which he states took place at the time the contract was made: "I asked Mr. Murray [the defendant] for whom I was doing that work, and to whom I was to look for my pay, and he told me I was doing it for him, and that he would pay me." This was unequivocally denied by the defendant. Considerable testimony was taken on both sides with respect to the facts and circumstances surrounding the parties at the time the work was undertaken, and also with reference to their subsequent acts, for the purpose of affording corroborative proof of the claims, respectively, made by them. With this to guide them, it became a question for the jury to determine whether or not it was the understanding of the parties that the defendant was contracting on his own behalf as principal, and not as agent for the Long Beach Association. It is contended that the language attributed to the defendant must be considered in the light of the conceded knowledge which the plaintiff had that the defendant was the manager and agent of the Long Beach Association, and that it should, therefore, be taken as simply the engagement and promise of the principal through him as such agent. The construction is somewhat strained, and certainly should not be accepted on a motion to dismiss the complaint, especially as the more reasonable view seems to be that the plaintiff, being unwilling to accept the responsibility of the association, sought and obtained the personal engagement and promise of the defendant in terms quite plain and unequivocal. It is unnecessary to enter upon a review of the evidence given on the trial. There was much in the proofs which was appropriate for the consideration of the jury upon the question of the probability of the plaintiff's story and his credibility. We have nothing to do on this appeal with the weight of evidence. It is enough that there was sufficient to call for the submission of the case to the jury.

The trial judge, in the course of his charge, made this statement: "Even if the defendant was the manager and agent of the Long Beach Association, yet if he said to the plaintiff these words, 'You are to look to me for pay,'—in other words, 'I will pay the bill; you are doing it for me,'—the plaintiff would be entitled to recover at your hands the amount claimed, namely, $500." To this an exception

was taken, and it is claimed by the appellant, in effect, that this unduly limited the jury to an exclusive consideration of the words so used, without leaving to them the determination of the import of what was said in the light of other facts and circumstances in the case, from which they might infer that the defendant was speaking for the Long Beach Association, was contracting for them, and not on his own account, and was so understood by the plaintiff. We do not think the exception well taken. In the subsequent portions of the charge the trial judge called the attention of the jury to the other evidence in the case, and charged them that it was their duty to take it into consideration, and to determine "what was the original agreement between the parties; and what was the intention between the parties in regard to this particular work." The question as to the nature of the agreement, and what it really was, was thus clearly submitted to the jury upon the whole evidence.

Another exception was taken to the charge in these words: "And I also except to that portion of your honor's charge where you say that the plaintiff understood that he [Murray] was managing the hotel for the year 1896 for himself." A reference to the charge shows that no such statement was made. What the trial judge did say was that the plaintiff said that such was his understanding. This is quite a different thing. The trial judge made the statement in the course of his presentation of the contention of the parties on both sides. He did not in so doing assume to state as a fact anything which it was within the province of the jury to decide, and, if the counsel for the defendant feared that it might be misinterpreted by the jury, he should have asked the court to instruct them upon the point. We think, taking the charge as a whole, that the case was fairly presented to the jury, and that it discloses no reversible error.

Numerous exceptions were taken on the part of the appellant to rulings on the trial with respect to the admissibility of evidence. We have examined all of them which have been presented for our consideration on the appellant's points, but fail to find any error raised by competent exception which calls for a reversal of the judgment. The motion to discharge the jury, because of alleged misconduct on the part of the plaintiff or his attorney, was properly denied. Apart from the undue importance attached by counsel to what took place, the appropriate remedy was to move to strike out the objectionable matter, and to request the court to charge the jury not to consider it.

The plaintiff offered and the court admitted in evidence a paper received by plaintiff purporting to be a telegram from the defendant, but the original was not produced, and no proof was made that it had been transmitted by the defendant. While the counsel for defendant objected to its admission, the objection was only a general one to its competency. "Such an objection pertains to the subject-matter of the proof offered, and not to the method of its presentation, or to any of the preliminary steps to be observed in its introduction." People v. Murphy, 135 N. Y. 450, 454, 32 N. E. 138. It is therefore too late to claim that a proper foundation had not been laid for the reception of the paper. Furthermore, the telegram was offered im-

mediately after certain letters, conceded to have been written by the defendant, had been received under the objection that they were "irrelevant, incompetent, and immaterial"; and where it was obvious that the substance of the proof alone was attacked, so that, when the objection to the telegram was made in terms "on the same grounds," the court was entitled to assume that the objection as thus stated was made with the same purpose as the preceding one, to which reference was thus made. But, apart from this, the defendant's testimony shows that the telegram emanated from him, and whatever error there might have been in originally receiving it in evidence was thus cured.

Judgment affirmed, with costs. All concur.