(75 App. Div. 125.)

### STEVENS v. CUNNINGHAM.

(Supreme Court, Appellate Division, Third Department. July 8. 1902.)

**1. MARRIED WOMEN—RIGHT TO EARNINGS—PRESUMPTION.**

Laws 1860, c. 90, giving a married woman the right to perform any labor on her sole and separate account, and providing that her earnings shall be her separate property, merely allows her to elect to labor on her own account, but the presumption is that her services were rendered for her husband.

**2. SAME—REBUTTING PRESUMPTION.**

The presumption that services of a wife were rendered for her husband's benefit is not overcome; it appearing merely that they were rendered to deceased at the latter's request, that all lived in the same house, that her daughters also rendered services to deceased, and that nothing was said about compensation between her and her husband before deceased's death, because, as she said, they always thought deceased would leave them something, as she had promised.

Appeal from special term, Saratoga county.

Action by Catherine Stevens against Patrick Cunningham, administrator of Bridget Walsh, deceased. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before PARKER, P. J., and SMITH, KELLOGG, CHASE, and FURSMAN, JJ.

Edgar T. Brackett, for appellant.
William P. Nolan, for respondent.

SMITH, J. This action was brought to recover for the value of services rendered by the plaintiff to the defendant's intestate. At the time of the rendition of the services the plaintiff was a married woman living with her husband. The complaint was by the trial judge dismissed upon the ground that the claim belonged to the husband. This raises the only question here for review. By chapter 90 of the Laws of 1860 a married woman was given the right to; "perform any labor or services on her sole and separate account, and the earnings of any married woman, from her trade, business, labor or services, shall be her sole and separate property, and may be used or invested by her in her own name." This statute has been construed by the court

¶ 1. See Husband and Wife, vol. 26, Cent. Dig. § 482.

of appeals in Birkbeck v. Ackroyd, 74 N. Y. 358, 30 Am. Rep. 304, in which the court says:

"The section confers upon her the capacity of a feme sole in respect to any business in which she may engage, and empowers her to labor on her own account. But it does not wholly abrogate the rule of the common law. She may still regard her interests and those of her husband as identical, and allow him to claim and appropriate the fruits of her labor. The bare fact that she performs labor for third persons, for which compensation is due, does not necessarily establish that she performed it, under the act of 1860, upon her separate account. The true construction of the statute is that she may elect to labor on her own account, and thereby entitle herself to her earnings; but in the absence of such an election, or of circumstances showing that she intended to avail herself of the privilege and protection conferred by the statute, the husband's common-law right to her earnings remains unaffected."

In Stokes v. Pease, 79 Hun, 304, 29 N. Y. Supp. 430, the court held that there was a common-law presumption that the services of the wife belonged to the husband, notwithstanding the statute, but that the presumption might be rebutted, and it was held to have been rebutted under the circumstances of that case. By chapter 289 of the Laws of 1902, passed after this action was tried, that presumption of law has been changed by the legislature, and a married woman is now authorized to bring an action for her services rendered with the presumption that she alone is entitled thereto. The enactment of this law is a legislative recognition of the rule of law as theretofore existing, as laid down in the cases cited.

The remaining question then is one of fact: Is there any evidence to rebut the presumption that these services were rendered for the husband? During most of this time the plaintiff and her family lived in the same house in which the deceased lived, in upper rooms. There is no explicit contract shown to pay the plaintiff for her services. The only obligation claimed is under a contract implied from the rendition of the services at the deceased's request. Services were rendered not only by this plaintiff, but also by her two daughters, for which services the husband would confessedly be entitled to compensation. In response to a question whether anything was said between her husband and herself before the death of the intestate, the plaintiff swore: "No, sir; because we always thought Mrs. Walsh would leave us something. She always promised to." This evidence gives no indication of an election by the plaintiff to act independently of her husband, but rather indicates that she was acting with him, upon the understanding that some remembrance by will was to be made by the intestate to herself and to her husband. We find no evidence, therefore, to rebut the presumption that she was laboring in her husband's behalf. Her husband then had a right of action for such services, and to allow the plaintiff to recover therefor would subject the defendant to a double liability. We think, therefore, that the trial court properly dismissed plaintiff's complaint.

Judgment unanimously affirmed, with costs. All concur.