Matter of summary proceedings brought by the Equitable Life Assurance Society of the United States, as landlord, against Oscar O. Schum, as tenant. From a final order entered on a verdict directed in favor of the landlord on the trial, the tenant appeals. Affirmed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

Sackett & McQuaid, for appellant.
Alexander & Colby, for respondent.

FREEDMAN, P. J. This was a proceeding, brought under the statute, to remove the defendant, as tenant, from premises No. 2295 Eighth avenue, for holding over, without permission of the landlord, after his term had expired. The tenant offers three reasons for the reversal of the order in this case, viz., that the petition is defective, in that it does not sufficiently set forth the title or interest of the landlord in the premises; that an agreement for hiring offered by the landlord, and admitted in evidence by the court, was improperly received; and that the direction of a verdict was error.

The petition was made by one Erastus Hamilton, who swore therein that he was "the agent, in respect to the premises hereinafter described, of the Equitable Life Assurance Society of the United States, who are the owners and landlords of the following premises." This sufficiently sets forth the facts necessary to confer jurisdiction upon the court. The written agreement referred to was not signed by the landlord, but was signed by the tenant. The landlord elected to treat it as a lease. The tenant took possession of the premises under said agreement, and cannot now question its validity. McAdam, Landl. & Ten. (3d Ed.) 127. The testimony offered on the part of the tenant, to the effect that the tenancy was not a tenancy for one year, but from month to month, was received under objection, and was improper, as it was an attempt to vary the terms of a written instrument by parol, and such testimony had no legal effect.

At the close of the whole case there was no legal, competent evidence contradicting the testimony given on the part of the landlord. Consequently there was no issue of fact to be submitted to the jury. Neither did the tenant object or except to a direction of a verdict in favor of the landlord.

Final order affirmed, with costs. All concur.

---

(40 Misc. Rep. 691.)

### CLARK v. NEW YORK, N. H. & H. R. CO.

(Supreme Court, Appellate Term. May, 1903.)

1 PUNITIVE DAMAGES—BREACH OF CONTRACT—HIRE OF STATEROOM.

Plaintiff rented of defendant a stateroom on one of its steamers for overnight, but failed to notice a stipulation on the back of his ticket whereby the right was "reserved to resell rooms not called for thirty minutes after departure," and did not call for his room within that time, and it was resold. The purser refused to give him his money back, or

¶ 1. See Damages, vol. 15, Cent. Dig. § 203.

another room, and he was compelled to sit up all night. *Held*, that he was not entitled to exemplary damages.

**2. SAME—REFUNDING MONEY PAID FOR ROOM.**
     Plaintiff was entitled to the use of the room, or to have the money paid therefor refunded.

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Michael B. Clark against the New York, New Haven & Hartford Railroad Company. Judgment for plaintiff. Defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and TRUAX and GILDER-SLEEVE, JJ.

Henry W. Taft and William Greenough, for appellant.
Palmer & Somerville, for respondent.

TRUAX, J. It is alleged in the complaint, among other things, that on the 16th day of September, 1901, the plaintiff had engaged passage on the steamer Massachusetts, which said steamer was operated and controlled by the defendant; that plaintiff rented and hired from the defendant for the sum of $3, then paid by the plaintiff to the defendant, a stateroom on said steamer for the use and occupancy of the plaintiff from the city of New York to the city of Providence, and was furnished by the defendant with a ticket or voucher therefor; that on the said 16th day of September, 1901, the plaintiff duly demanded from the agent of the defendant, then in charge of the staterooms, the key of the said stateroom, and demanded possession thereof; that such possession was refused by the defendant, and the plaintiff was not allowed to use said stateroom, and the defendant and the agent and employés of said defendant refused to give plaintiff such accommodation as he became entitled to by the purchase of said ticket; that, by reason of the failure of the defendant to furnish plaintiff the said stateroom as aforesaid, plaintiff suffered great mental pain, and was otherwise damaged.

It was shown on the trial that the ticket or voucher above mentioned had printed on its back the following words: "The right is reserved to resell rooms not called for thirty minutes after departure;" that it was purchased by plaintiff on the boat; that he did not notice the above-mentioned words on the back of the ticket; that after he had purchased the ticket he went out on the deck, where he remained for some length of time; that the plaintiff did not call for the stateroom for more than 30 minutes after the departure of the steamer; that when he did call for said stateroom his attention was called to the words on the back of the ticket, and he was told that the stateroom had been resold; that he asked the purser of the boat either to give him another room or refund the money, which the purser refused to do; and that plaintiff was compelled to sit up all night.

On the trial the court charged, in effect, that, although the plaintiff had shown no physical injury caused by the defendant, the jury was entitled to give the plaintiff damages on account of the injuries

to his feelings, and the indignity put upon him, "as a measure in the nature of punishment as smart money," and to this charge the defendant excepted. The jury found a verdict for the plaintiff for $125.

I am of the opinion that this charge was erroneous. Plaintiff was, in effect, simply a tenant of the stateroom that he had hired from the defendant for a night. He was kept out of what might be called the premises that had been demised to him by the defendant, and was entitled to recover no more than what he had paid for the use of the room or the value of the room for the term that he had hired it. The action was one simply for a breach of the contract of hiring. It was said in Jacobs v. Sire, 4 Misc. Rep. 398, 23 N. Y. Supp. 1063, that in actions for breach of contract, with a single exception, the amount recovered is limited to the actual damage caused by the breach, and that the measure of damage is the same, whether the defendant fails to comply with his contract through inability, or willfully disregards it. The amount of the verdict shows that the defendant was injured by the above-mentioned charge of the court. The cases referred to by the counsel for the respondent, like Day v. Wordworth, 13 How. 363, 14 L. Ed. 181, and Voltz v. Blackmar, 64 N. Y. 440, are actions in tort, in which class of actions it is well settled that under certain circumstances the jury may give punitive damages.

I do not consider it necessary to pass upon the point raised by the defendant that the reservation printed upon the back of the ticket given by the defendant to the plaintiff was a reasonable regulation, because I am of the opinion that the plaintiff was entitled to have the use of the room, or to have the money that he had paid for the use of the room refunded to him. Judgment is reversed, with costs to the appellant, and a new trial ordered, unless plaintiff stipulates to reduce the judgment to $3 and costs, in which event the judgment so modified is affirmed, without costs to either party in this court.

Judgment reversed, with costs to appellant, and new trial ordered, unless plaintiff stipulates to reduce judgment to $3 and costs, in which event judgment so. modified is affirmed, without costs. All concur.