(120 App. Div. 621)

### EUPES v. NEPHUE.

**(Supreme Court, Appellate Division, Third Department.   June 25, 1907.)**

DAMAGES—EXEMPLARY DAMAGES—QUESTIONS FOR JURY.

In an action for criminal conversation, an instruction directing the giving of punitive damages was erroneous.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Damages, § 205.]

Appeal from Trial Term, Franklin County.

Action by Charles Eupes against Peter Nephue. From a judgment for plaintiff, and from an order denying defendant's motion for new trial, he appeals. Reversed.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

B. W. Berry, for appellant.
Charles A. Burke, for respondent.

SMITH, P. J. This action, as it was finally submitted to the jury, was an action for criminal conversation. The trial judge instructed the jury as to the rule of damages in the following words:

"That marriage relation is at the very basis of our good government, and the law properly says that, if a man does violate the sacredness of the marriage relation, he may be held in damage for it. And those damages are not the money damages as are recovered in an action, where you are required to prove the dollars and cents you have suffered. Those damages are punitive damages, for the purpose of teaching us as citizens that that kind of a wrong shall not be done to a man or a woman, because their married partner is led away and particularly because the woman has been enticed from the husband; because a man has had sexual intercourse with her knowing that she was the wife of another man. If he has had, he is liable to damages, and those damages should be punitive damages, enough so that he will realize that the courts and the juries say that the marriage relation, that the home, that the citizens of this country shall have protection."

At the close of the charge the defendant excepted "to that portion of the charge in which it is said that the jury should give punitive damages." In Jacobs v. Sire, 4 Misc. Rep. 398, 23 N. Y. Supp. 1063, in an action for breach of promise to marry, the jury was charged that, if the act of the defendant was malicious, they were bound to give punitive damages. This charge was held error, "in that it deprived the jury, in case they found the facts referred to, of all discretion on the question whether exemplary damages should or should not be given." At page 400 of 4 Misc. Rep., and page 1065 of 23 N. Y. Supp., Judge Freedman, in writing the opinion of the Superior Court, says:

"Even in actions for torts of an aggravated character it is within the discretion of the jury to say whether or not exemplary damages, or vindictive or punitive damages, as they are sometimes called, shall or shall not be given; and such discretion is to be exercised upon all the facts and circumstances, as a punishment to the defendant and as a protection to society against the violation of personal rights and social order. Voltz v. Blackmar, 64 N. Y. 440."

In 12 American & English Encyclopædia of Law (2d Ed.) 51, it is stated:

"The rule that the question of exemplary damages is one for the jury in the exercise of their discretion has been held to apply, though it was established in point of fact that there were elements which would, according to the general rule of exemplary damages, warrant such assessment. It has been held, therefore, to be erroneous to instruct the jury that in any state of facts it is their duty to award exemplary damages, or that they should, will, ought to, or must do so, or that, if they find a given state of facts, the plaintiff is entitled to recover such damages. And so carefully is the discretion of the jury guarded in this particular, it has been declared, that an instruction, several times repeated, which seemed to invite the jury to give punitive damages, was erroneous."

In Samuels v. Evening Mail Association, 9 Hun, 294, Davis, P. J., writing the dissenting opinion, which was afterwards adopted by the Court of Appeals in 75 N. Y. 604, after discussing the rights of the defendant to show that there was no actual malice, says:

"When he (the defendant) gives no such evidence, it is the duty of the court to say to the jury that, upon proof of the falsity of the libel, the plaintiff is entitled to exemplary damages in their discretion."

In Bergmann v. Jones, 94 N. Y. 64, Judge Miller, in writing upon appeal from a judgment upon an action of libel, said:

"Upon the charge made against the plaintiff in the article published, the falsity of which was made to appear, it was for the jury to say, in their discretion, whether punitive or vindictive damages should be awarded."

See, also, Chellis v. Chapman, 125 N. Y. 222, 26 N. E. 308, 11 L. R. A. 784.

From these authorities it would seem to be established that in actions for tort, where the circumstances are such as to warrant exemplary damages, the jury always has a discretion to say whether in the particular case exemplary damages are to be given. This discretion was taken from the jury in the case at bar, and it cannot be said that the error was one which did not influence the verdict.

The judgment should therefore be reversed, and new trial granted, with costs to appellant to abide the event. All concur.